# <u>EXHIBIT 1</u>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ALLEN MOURE**, Individually and on Behalf of All Others Similarly Situated, | Case No.: 3:22-cv-00625-OAW |
| Plaintiff, | |
| v. | **CLASS ACTION SETTLEMENT AGREEMENT** |
| **DIALAMERICA MARKETING, INC.,** | |
| Defendant. | Complaint Filed: May 3, 2022 |

1

This Settlement Agreement,[1] dated as of February 8, 2023, is made and entered into by and among the following Settling Parties (as defined below): Plaintiff Allen Moure, individually and on behalf of the Settlement Class, by and through his counsel of record, and DialAmerica Marketing, Inc. ("DialAmerica" and, together with Plaintiffs, the "Parties"), by and through its counsel of record. The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

This class action arises out of the July 2021 cyberattack that was perpetrated against Defendant DialAmerica Marketing, Inc., which held in its possession certain personally identifiable information ("PII") of the Plaintiff and the putative Class Members, most of whom are current or former employees of Defendant. The PII compromised in the Data Incident included full names, addresses, Social Security numbers, employee assigned identification numbers, and other personally identifiable information of individuals stored on its private network.

Defendant DialAmerica is a telemarketing and call center outsourcing service provider headquartered at 960 MacArthur Boulevard, Mahwah, New Jersey 07430. In order to be paid for their employment at DialAmerica, and to obtain benefits from their employer, current and former employees like Plaintiff were required to turn over certain information, including names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, health insurance information, financial account information and other personal identifiable information.

In this case, Plaintiff Allen Moure, who is a resident and citizen of Connecticut, alleges that he received a "Notice of Security" letter dated April 6, 2022, on or about that date. Class Action Complaint ("Compl."), Dkt. No. 1, ¶ 8. The letter notified Plaintiff that DialAmerica identified unusual activity on its network on July 4, 2021, and thereafter commenced an

---

[1] All Capitalized terms are defined below.

investigation, which determined that between February 2, 2021, and July 9, 2021, an unauthorized actor had gained access to certain of DialAmerica's systems and viewed or taken data. *Id*. Thus, Plaintiff and the Class Members did not receive notice of the Data Incident for over fourteen months after the breach occurred, and approximately two months after DialAmerica's investigation concluded.

On May 3, 2022, Plaintiff Allen Moure filed this action seeking class action status for compensation of Plaintiff and all others similarly situated as a result of the Data Incident that occurred last year at DialAmerica. Plaintiff brings causes of action sounding in: (i) negligence; (ii) breach of implied contract; (iii) unjust enrichment; and (iv) negligence per se. Compl., ¶¶ 93-141. Plaintiff alleges he and the proposed class members have or will suffer: (i) a risk of fraud and identity theft; (ii) lost or diminished value of PII; (iii) out-of-pocket expenses associated with mitigation efforts; (iv) lost opportunity costs associated with mitigation efforts, including lost time; (v) invasion of privacy; and (vi) emotional distress, fear, anxiety, nuisance and annoyance. *Id.* ¶ 5.

Two other actions, *Blanco,et v. DialAmerica Marketing, Inc.*, Case No. 38-2022-00021920-CU-BC-CTL (Superior Court of California, County of San Diego) and *Edwards v. DialAmerica Marketing, Inc.*, Case No. 37-2022-00034352-CU-NP-CTL (Superior Court of California, County of San Diego) are currently pending and concern the same or similar factual allegations and legal theories as those asserted by Plaintiff. On November 2, 2022, counsel for Plaintiffs Moure, Blanco and DialAmerica engaged in mediation with the Honorable Wayne R. Andersen (Ret.) of JAMS.  Although the case did not settle that day, after multiple calls with Judge Andersen, the Parties were able to reach an agreement on all the principal terms of settlement for this matter.  This Settlement Agreement will resolve each of the pending matters and all of the allegations that were or could have been brought against DialAmerica.

This Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against DialAmerica and the Released Persons relating to the Data Incident, by and on behalf of Representative Plaintiffs and the Settlement Class.

**II.    CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING**

Plaintiffs believe the claims asserted in the Litigation, as set forth in the Class Action Complaint, [Dkt. No. 1], have merit. Plaintiffs and Proposed Settlement Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against DialAmerica through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Proposed Settlement Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

**III.    DENIAL OF WRONGDOING AND LIABILITY**

DialAmerica denies each and all of the claims and contentions alleged against it in the Litigation. DialAmerica denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, DialAmerica has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. DialAmerica has considered the uncertainty and risks inherent in any litigation. DialAmerica has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

**IV.    TERMS OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs, individually and on behalf of the Settlement Class, Proposed Settlement Class Counsel, and DialAmerica that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class, except those members of the

Settlement Class who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.      Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Agreement" or "Settlement Agreement" means this agreement.

1.2      "California Subclass" means all persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021, and who residing in California between February 2, 2021, and July 9, 2021.The California Subclass specifically excludes: (i) DialAmerica and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

1.3      "California Subclass Member(s)" means all persons meeting the definition of the California Subclass.

1.4      "Claims Administration" means the processing and payment of claims received from members of the Settlement Class by the Claims Administrator.

1.5      "Claims Administrator" means Angeion Group, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.6      "Claims Deadline" means the postmark and/or online submission deadline for valid claims submitted pursuant to ¶¶ 2.1, 2.2, and 2.3, which shall be 90 days from the date Notice Commencement Date.

1.7      "Claim Form" means the claim form to be used by members of the Settlement Class to submit a Settlement Claim, either through the mail or online through the Settlement Website,

substantially in the form as shown in Exhibit 7 to Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement and Memorandum in Support ("Motion for Preliminary Approval").

1.8     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.9     "Court" means the United States District Court for the District of Connecticut.

1.10    "Data Incident" means the cyberattack perpetrated on DialAmerica between February 2, 2021, and July 9, 2021, in which third-party criminals gained unauthorized access to some DialAmerica's network and may have, in turn, gained unauthorized access to the PII of Settlement Class Members.

1.11    "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.12    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.13 herein have occurred and been met.

1.13    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment; and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" or any other aspect of the Judgment.

1.14    "Final Fairness Hearing" is the final hearing before the Court where it will determine whether this Settlement is fair, reasonable, and adequate.

1.15    "Judgment" means a judgment rendered by the Court.

1.16 "Litigation" means *Moure v. DialAmerica Marketing, Inc*., Case No. 3:22-cv-00625-OAW and *Blanco, et al v. DialAmerica Marketing, Inc.*, Case No. 38-2022-00021920-CU-BC-CTL (Superior Court of California, County of San Diego).

1.17 "Long Notice" means the long-form notice of settlement posted on the Settlement Website, substantially in the form as shown in Exhibit 6 to Plaintiffs' Motion for Preliminary Approval.

1.18 "Notice Commencement Date" means thirty days following entry of the Preliminary Approval Order.

1.19 "Objection Date" means the date by which members of the Settlement Class must mail to Proposed Settlement Class Counsel and counsel for DialAmerica or, in the alternative, file with the Court through the Court's electronic case filing ("ECF") system their objection to the Settlement Agreement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Objection Date shall be sixty (60) days from the Notice Commencement Date.

1.20 "Opt-Out Date" means the date by which members of the Settlement Class must mail to the Claims Administrator their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be sixty (60) days from the Notice Commencement Date.

1.21 "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.22 "Personally identifiable information" or "PII" means information that directly identifies an individual and is protected by applicable state or federal law.

1.23 "Plaintiffs" and/or "Representative Plaintiffs" mean Allen Moure, Daniel Blanco, and Rafael Blanco.

1.24    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class. The Settling Parties' proposed form of Preliminary Approval Order will be attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement.

1.25    "Proposed Settlement Class Counsel" means Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Terence R. Coates of Markovits, Stock & DeMarco, LLC, and William B. Federman of Federman & Sherwood.

1.26    "Related Entities" means DialAmerica's respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

1.27    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States; violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* and all similar state consumer-protection statutes; violations of the California Consumer Protection Act of 2018, Cal. Civ. Code § 1798, *et seq.* and any and all similar state privacy-protection statutes; violations of the California Consumer Records Act, Cal. Civ. Code § 1798.80, *et seq.* and any and all similar statutes in effect in any states in the United States; violations of the California Confidentiality of Medical Information Act, Cal. Civ. Code  § 56, *et seq.* and any and all similar statutes in effect in any states in the United States; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of the implied covenant of good faith and fair dealing; breach of confidence; invasion

of privacy; unfair business practices; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any member of the Settlement Class against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of personal information or personal health information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of members of the Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.28    "Released Persons" means DialAmerica and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.29    "Service Award" means the payment of $2,000.00 to each of the Representative Plaintiffs for their time and effort pursuing this matter on behalf of their fellow Settlement Class Members.

1.30    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.31    "Settlement Class" means all persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the

data security incident that occurred in July 2021.The Settlement Class specifically excludes: (i) DialAmerica and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

1.32    "Settlement Class Member(s)" means all persons meeting the definition of the Settlement Class.

1.33    "Settlement Website" means a website, the URL for which to be mutually selected by the Settling Parties, that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, as well as provide the Settlement Class Members with the ability to submit a Settlement Claim online.

1.34    "Settling Parties" means, collectively, DialAmerica and Plaintiffs, individually and on behalf of the Settlement Class.

1.35    "Short Notice" means the short-form notices of the proposed class action settlement, substantially in the forms as shown in Exhibit B to this Agreement. The Short Notice will direct recipients to the Settlement Website and inform members of the Settlement Class of, among other things, the Claims Deadline, the Opt-Out and Objection Deadlines, and the date of the Final Fairness Hearing (if set prior to the Notice Commencement Date).

1.36    "Unknown Claims" means any of the Released Claims that any member of the Settlement Class, including any Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other members of the Settlement Class intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the

provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Members of the Settlement Class, including Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and members of the Settlement Class shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.37    "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.38    "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.    Settlement Benefits

2.1    <u>Ordinary Expense Reimbursement</u>. All members of the Settlement Class who submit a Valid Claim using the Claim Form are eligible for the following documented out-of-

pocket expenses, not to exceed $600 per member of the Settlement Class, that were incurred as a result of the Data Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit report(s), credit monitoring, and/or other identity theft insurance products purchased by members of the Settlement Class between February 2, 2021 and the Claims Deadline; and  (xii) other losses incurred by Settlement Class Members determined by the Claims Administrator to be fairly traceable to the Data Incident, including, but not limited to, the cost of postage and gas for local travel. To receive reimbursement for any of the above-referenced out-of-pocket expenses, Settlement Class Members must submit (i) their name and current address; (ii) supporting documentation of such out-of-pocket expenses; and (iii) a description of the loss, if not readily apparent from the documentation.

Members of the Settlement Class are also eligible to receive up to five hours of lost time spent dealing with issues arising out of the Data Incident (calculated at the rate of $15 per hour) ("Lost-Time Claims"). Members of the Settlement Class must attest on the Claim Form to the time spent. No documentation other than a written description of their actions shall be required for members of the Settlement Class to receive compensation for Lost-Time Claims. Lost-Time Claims can be combined with claims made for out-of-pocket expenses and, together with the out-of-pocket expenses, are subject to the $600 cap for each Settlement Class Member.

2.2    Extraordinary Expense Reimbursement: All members of the Settlement Class who have suffered a proven monetary loss and who submit a Valid Claim using the Claim Form are eligible for up to $6,000 if: (1) the loss is an actual, documented and unreimbursed monetary loss;

(2) the loss was more likely than not caused by the Data Incident; (3) the loss occurred between February 2, 2021 and the Claims Deadline; (4) the loss is not already covered by one or more of the reimbursement categories listed in ¶ 2.1; and (5) the member of the Settlement Class made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Members of the Settlement Class seeking reimbursement under ¶¶ 2.1 and/or 2.2 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the Claims Deadline. The notice to the class will specify this deadline and other relevant dates described herein. The Claim Form must be verified by the member of the Settlement Class with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident. Failure to provide supporting documentation of the out-of-pocket expenses referenced above, as requested on the Claim Form, shall result in denial of a claim. No documentation is needed for lost-time expenses. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.3     <u>Cash Payment for California Subclass Members.</u> All California Subclass Members who submit a Valid Claim using the Claim Form are eligible to receive a payment of $50 provided that the California Settlement Subclass Member attests, under oath, that he or she was a resident of the State of California at some point between February 2, 2021, and July 9, 2021 ("California Cash Payment Claims").

California Cash Payment Claims can be combined with Lost-Time Claims and claims for out-of-pocket losses under ¶ 2.1, and can be combined (if applicable) with reimbursement for losses under ¶ 2.2. All claims made under this ¶ 2.3 shall be subject to the $600 per-Settlement-Class-Member cap on compensation for Ordinary Expense Reimbursement.

2.4     Identity-Theft Protection.  All Settlement Class Members will be eligible to claim two years credit monitoring services through IDX upon submission of a valid Claim Form. If the settlement is ultimately approved, Class Members making a claim for the credit monitoring will be provided with a code required to activate credit monitoring. Identity Protection Services through IDX provides single bureau credit monitoring, dark web monitoring, $1M reimbursement insurance, fully managed identity recovery and lost wallet assistance. If a Settlement Class Member claims the 24-month subscription to IDX's Identity Protection Services, he or she must activate the service within 180 days from the date that the activation codes are sent.  DialAmerica Marketing, Inc. will not reimburse Settlement Class Members for third-party credit monitoring services purchased between [insert date] and [insert date] while these services were previously offered by DialAmerica to Settlement Class Members in response to the Data Security Incident. DialAmerica will pay for the credit monitoring services separate and apart from other settlement benefits.

2.5     Cybersecurity Enhancements.

2.5.1      DialAmerica has agreed to implement and maintain certain cybersecurity and business practice enhancements after the Data Incident and due to this Settlement for a period of at least five years following the Effective Date. The enhancements and business practices are designed to maintain DialAmerica's security posture, to provide protection against threats now and in the future, specifically with respect to current and former employee PII, and include the following:

    a)  DialAmerica will conduct penetration testing through an established third-party IT security vendor at least annually to check for exploitable vulnerabilities.

    b)  DialAmerica will provide periodic data security training to employees, including directions about how to handle suspicious communications and documents, and encouraging personnel to report any concerns about DialAmerica's information security systems.

c) DialAmerica will conduct phishing testing at least twice per year, with such testing to include sending mock phishing emails to employees to help them identify malicious emails and links.

d) DialAmerica will ensure and maintain anti-malware on all servers with monitoring, reporting, and alerts for malware.

e) DialAmerica will implement a data deletion policy for data not reasonably necessary for services.

f) DialAmerica will implement multi-factor authentication for login to all accounts containing PII.

g) DialAmerica will ensure and maintain strict access controls are maintained with respect to any Settlement Class Member PII.

h) DialAmerica will commit to obtaining annual certifications for PCI.

i) DialAmerica will implement and utilize Security Information and Event Management ("SIEM") tool to assist in identifying cyber-attacks.

j) DialAmerica will implement and utilize a program to provide prompt and specific notice of any future breaches of PII consistent with applicable federal and state laws and regulations.

k) DialAmerica will establish a protocol that includes advising the CEO, CFO, and other executive officers at least annually in writing of the budget and requests by the CIO for upgrading and maintaining the data security program.

2.6     Dispute Resolution for Claims.

2.6.1     The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the out-of-expenses described in ¶¶ 2.1 and 2.2 and/or any information required under ¶ 2.3; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result

of the Data Incident. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof. For any such Claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those Claims to the Settling Parties (one Plaintiffs' lawyer shall be designated to fill this role for all Plaintiffs). If the Settling Parties do not agree with the Claimant's Claim, after meeting and conferring, then the Claim shall be referred for resolution to the claim referee, to be selected by the Parties if needed. Any costs associated with work performed by the claims referee shall be paid by DialAmerica.

      2.6.2      Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

      2.6.3      Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all the information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator may reject the claim without any further action. If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

      2.6.4      Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims

Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the amount to be paid. If the claimant does not approve the final determination within thirty (30) days, then the dispute will be submitted to the claims referee within an additional ten (10) days.

       2.6.5       If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

      2.7      <u>Confirmatory Discovery</u>. DialAmerica has provided or will provide reasonable access to confidential confirmatory discovery regarding the number of Settlement Class Members and state of residence, as well as the facts and circumstances of the Data Incident and DialAmerica's response thereto.

      2.8      <u>Payment on Claims</u>. The Claims Administrator shall establish an account for payment of Claims (the "Settlement Administration Account"). Within sixty (60) days after the Claims Deadline, the Claims Administrator shall make final determinations on all Claims submitted and provide notice to the Parties (the "Claims Determination Notice"), including an accounting of all Claims to be paid and instructions to DialAmerica to fund the Settlement

Administration Account. DialAmerica shall then cause funds to be deposited into the Settlement Administration Account for the payment of Claims within forty-five (45) days of receiving the Claims Determination Notice or within fifteen (15) business days of the Effective Date, whichever is later. Upon DialAmerica's funding of the Settlement Administration Account, the Settlement Administrator shall promptly make payment to Settlement Class Members with valid Claims for California Cash Payments, Ordinary Expense Reimbursement, and Extraordinary Expense Reimbursement.

2.9     Pro-Rata Contingencies. If the aggregate amount of cash payments for Ordinary Expense Reimbursement, Extraordinary Expense Reimbursement, and California Cash Payment Claims exceeds One million three hundred thousand dollars ($1,300,000.00), then the value of such payments shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for Ordinary Expense Reimbursement, Extraordinary Expense Reimbursement, and California Cash Payment Claims shall not exceed One million three hundred thousand dollars ($1,300,000.00). All *pro rata* determinations required by this paragraph shall be performed by the Claims Administrator.

2.10    Settlement Expenses. All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶ 2.6, shall be paid by DialAmerica.

2.11    Settlement Class Certification. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to

any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.      Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Settlement Class Counsel and counsel for DialAmerica shall jointly submit this Settlement Agreement to the Court, and Proposed Settlement Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form to be agreed upon by the parties, or an order substantially similar to such form in both terms and cost, requesting, among other things*:*

a)      certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.11;

b)      preliminary approval of the Settlement Agreement as set forth herein;

c)      appointment of Proposed Settlement Class Counsel as Settlement Class Counsel;

d)      appointment of Plaintiffs as Class Representatives;

e)      approval of a customary form of Short Notice to be emailed or, where a working email address is not available, mailed to Settlement Class Members, in a form substantially similar to the email (Short Form) and postcard notices attached as Exhibits 4 and 5, respectively, to the Motion for Preliminary Approval;

f)      approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit 6 to the Motion for Preliminary Approval, which, together with the Short Notice, shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process

and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing; and

g)   appointment of Angeion Group as the Claims Administrator.

The Short Notice and Long Notice have been reviewed and approved by the Claims Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.

3.2   DialAmerica shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration. Attorneys' fees, costs, and expenses of Settlement Class Counsel, and Service Awards to Representative Plaintiffs, as approved by the Court, shall be paid by DialAmerica as set forth in ¶ 7 below. Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a)   *Class Member Information*: No later than fourteen (14) days after entry of the Preliminary Approval Order, DialAmerica shall provide the Claims Administrator with the name, email address (where available), and last known physical address of each Settlement Class Member (collectively, "Class Member Information") that DialAmerica possesses. The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement, or provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

b)   *Settlement Website:* Prior to the dissemination of the Class Notice, the Claims Administrator shall establish the Settlement Website that will

inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; (v) the operative Class Action Complaint, [Dkt. No. 1], filed in the Litigation; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically.

c)      *Short Notice:* Within thirty (30) days after the entry of the Preliminary Approval Order and to be substantially completed not later than forty-five (45) days after entry of the Preliminary Approval Order, and subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class as follows:

1.   To all class members for whom DialAmerica is in possession of an address, via regular mail to the postal address provided to DialAmerica either by or for the Settlement Class Members.  Before any mailing under this Paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

2.   To any class members for whom DialAmerica does have in its possession a valid email address, notice may be given instead to the email address provided to DialAmerica either by or for the Settlement Class Members.  Any email addresses that were returned

as undeliverable should be sent via regular mail as set forth in 3.2.c.1 above;

3. In the event that a mailed Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

4. In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out and Objection Deadline, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice promptly upon receiving such information. This shall be the final requirement for mailing.

d)   Publishing, on or before the Notice Commencement Date, the Short Notice, Claim Form, and Long Notice on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

e)   A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement.  The Claims

Administrator also will provide copies of the forms of Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request; and

f) *Reminder Emails*: At least fourteen (14) days and also at least seven (7) days prior to the Claims Deadline, the Claims Administrator shall send to all Settlement Class Members (1) who have not yet filed a claim and (2) for whom the Claims Administrator has a valid email address a reminder email, reminding said Settlement Class Members to make a claim prior to the Claims Deadline.

g) Contemporaneously with seeking Final Approval of the Settlement, Proposed Settlement Class Counsel and DialAmerica shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.3     The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be substantially completed within forty-five (45) days after entry of the Preliminary Approval Order.

3.4     Proposed Settlement Class Counsel and DialAmerica's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.5     DialAmerica will also cause the Claims Administrator to provide (at DialAmerica's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.     Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2     All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date, as approved by the Court, there have been more than 250 timely and valid Opt-Outs submitted, DialAmerica may, by notifying Proposed Settlement Class Counsel and the Court in writing, void this Settlement Agreement.   If DialAmerica voids the Settlement Agreement pursuant to this paragraph, DialAmerica shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Proposed Settlement Class Counsel and Service Awards.

**5.     Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number - *Moure v. DialAmerica Marketing, Inc.,* Case No. 3:22-cv-00625-OAW (D. Conn.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied

by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed to the Court only with the Court's address being identified in the notice documents.

5.2    Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

## 6.    Releases

6.1    Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2    Upon the Effective Date, DialAmerica shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Settlement

Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses DialAmerica may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3    Notwithstanding any term herein, neither DialAmerica nor its Related Parties shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, and Proposed Settlement Class Counsel.

**7.    Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Representative Plaintiffs**

7.1    The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or service award to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that DialAmerica would pay reasonable attorneys' fees, costs, expenses, and a service award to Plaintiffs as may be agreed to by DialAmerica and Proposed Settlement Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court. DialAmerica and Proposed Settlement Class Counsel then negotiated and agreed to the payment described in ¶ 7.2.

7.2    DialAmerica has agreed that Proposed Settlement Class Counsel may make an application for an award of attorneys' fees and litigation costs not to exceed $600,000.00. Proposed Settlement Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3     DialAmerica has agreed that Proposed Settlement Class Counsel may make an application for an order from the Court awarding $2,000 in Service Awards to each of the Class Representatives.

7.4     If awarded by the Court, DialAmerica shall pay the attorneys' fees, costs, expenses, and Service Awards to Plaintiffs, as set forth above in ¶¶ 7.2 and 7.3, within 14 days after the Effective Date. Service Awards to Class Representatives and attorneys' fees, costs, and expenses will be mailed to Gary M. Klinger, Milberg Coleman Bryson Phillips Grossman, PLLC, 227 W. Monroe Street, Ste. 2100, Chicago, IL 60606. Proposed Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and Service Awards to Representative Plaintiffs consistent with ¶¶ 7.2 and 7.3.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the Service Awards to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Proposed Settlement Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

8.     **Administration of Claims**

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶¶ 2.1, 2.2, and 2.3. Proposed Settlement Class Counsel and counsel for DialAmerica shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate. The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject

to the dispute resolution process set forth in ¶ 2.6. All claims agreed to be paid in full by DialAmerica shall be deemed valid.

8.2     Checks for Valid Claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, claims referee, DialAmerica, Proposed Settlement Class Counsel, Plaintiffs, and/or DialAmerica's counsel based on distributions of benefits to Settlement Class Members.

## 9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)     the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)     DialAmerica has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c)     the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)     the Judgment has become Final, as defined in ¶ 1.13.

9.2     If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Settlement Class Counsel and DialAmerica's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Settlement Class Counsel and to DialAmerica's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     In the event that the Settlement Agreement or the releases set forth in paragraphs 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.* Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, DialAmerica shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2.6 above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**10.     Miscellaneous Provisions**

10.1     The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that

are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5     This Agreement contains the entire understanding between DialAmerica and Plaintiffs regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between DialAmerica and Plaintiffs in connection with the payment of the Litigation settlement. Except as otherwise provided herein, each party shall bear its own costs.

10.6     Proposed Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8     The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

10.9     The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.10    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.12    All dollar amounts are in United States dollars (USD).

10.13    Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive monetary settlement benefits. All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void." If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of monetary settlement benefits, the Settlement Class Member's

right to receive monetary relief shall be extinguished, and DialAmerica shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶¶ 2.1 or 2.2 or any other type of monetary relief, such as that permitted under ¶ 2.3.  The same provisions shall apply to any re-issued check. For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

10.14   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.


[intentionally left blank – signatures on next page]

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**

*Gary M. Klinger*

Gary M. Klinger
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

Terence R. Coates
**MARKOVITS, STOCK**
**& DEMARCO, LLC**
119 E Court St., Suite 530
Cincinnati, OH 45202
Telephone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

A. Brooke Murphy
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

*Attorneys for Plaintiffs*

**UPDIKE, KELLY & SPELLACY, PC**

Richard M. Dighello, Esq.
**UPDIKE, KELLY & SPELLACY, PC**
Goodwin Square
225 Asylum Street, 20th Floor
Hartford, CT 06103-1516
Tel. 860-548-2600
Fax. 860-548-2680
rdighello@uks.com

Claudia D. McCarron
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: (267) 930-4787
Fax: (267) 930-4771
cmccarron@mullen.law

*Attorneys for Defendant,*
*DialAmerica Marketing, Inc.*

Chris Conway
DIALAMERICA MARKETING, INC.

# **<u>EXHIBIT A</u>**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**

<mark>MONTH DD, 2023</mark>

</td><td align="center">

**CLAIM FORM FOR DIALAMERICA MARKETING, INC.
DATA INCIDENT SETTLEMENT**

*MOURE V. DIALAMERICA MARKETING, INC.*
Case No. 3:22-cv-00625-OAW

</td><td align="center">

**DIAL
AMERICA-A**

</td></tr>
</table>

### USE THIS FORM <u>ONLY IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS</u>
TO MAKE A CLAIM FOR IDENTITY THEFT PROTECTION AND CREDIT MONITORING
SERVICES AND/OR COMPENSATION FOR UNREIMBURSED LOSSES

### <u>GENERAL INSTRUCTIONS</u>

If you received Notice of this Settlement, the Settlement Administrator identified you as a Settlement Class Member whose Social Security number, employee assigned identification number, other personally identifying information ("PII"), or, in some instances, personal health information ("PHI"), was potentially compromised as a result of the Data Incident that DialAmerica learned of on or about July 4, 2021 ("Data Incident"). As a member of the Settlement Class, you are eligible to complete this Claim Form to claim (1) up to $600 for (i) reimbursement for documented out-of-pocket expenses and/or (ii) up to 5 hours of lost time compensable at $15 per hour; (2) up to $6,000 for reimbursement of documented extraordinary expense reimbursement; (3) 24 months of Identity-Theft Protection with up to $1 million in insurance coverage; and/or (4) up to $50 if you were a California resident at the time of the Data Security Incident.

Please refer to the Settlement Notice (Long Notice) posted on the Settlement Website <mark><<Website>>,</mark> for more information on information on submitting a Claim and information on the aggregate cap on claims.

### <u>To receive any of these benefits, you must submit the Claim Form below by <mark><<DATE>>.</mark></u>

Expense Reimbursement: All members of the Settlement Class who submit a Valid Claim using the Claim Form are eligible to claim reimbursement for documented out-of-pocket expenses, not to exceed $600 per member of the Settlement Class, that were incurred as a result of the Data Incident: Examples of reimbursable expenses incurred as a result of the Data Incident include bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel; (ii.) Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between February 2, 2021 and the date of the close of the Claims Period

Time Spent Dealing With the Data Incident: As part of an expense reimbursement claim, you may claim up to 5 hours of lost time, at $15/hour, for time spent dealing with the effects of the Data Incident.

Extraordinary Expense Reimbursement: All members of the Settlement Class who have suffered a proven monetary loss and who submit a Valid Claim using the Claim Form are eligible for up to $6,000 if: (i.) The loss is an actual, documented, and unreimbursed monetary loss; (ii.) The loss was more likely than not caused by the Data Security Incident; (iii.) The loss occurred between February 2, 2021 and the close of the Claims Period; (iv.) The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Cash Payment for California Settlement Subclass Members: All California Settlement Subclass Members who submit a Valid Claim using the Claim Form shall be eligible to receive a payment of $50 provided that the California Settlement Subclass Member attests, under oath, that he or she was a resident of the State of California at some point between February 2, 2021 and July 9, 2021.

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

## CLAIM FORM DIALAMERICA MARKETING, INC.
## DATA INCIDENT SETTLEMENT

*MOURE V. DIALAMERICA MARKETING, INC.*
*Case No. 3:22-cv-00625-OAW*

**Your claim must be submitted online or postmarked by:**
==MONTH DD, 2023==

**DIAL AMERICA-A**

This additional amount can be combined with a claim for reimbursement for lost time and for out-of-pocket losses under Expense Reimbursement and can be combined (if applicable) with reimbursement for losses under Extraordinary Expense Reimbursement.

Please read the claim form carefully and answer all questions. Failure to provide required information could result in a denial of your claim.

This Claim Form may be submitted electronically *via* the Settlement Website at **URL** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*DialAmerica Claims Administrator*
==Angeion mailing address==

## I.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

**First Name**

**Last Name**

**Street Address**

**City**

**State**

**Zip Code**

**Email Address (optional)**

**Telephone Number**

## II.  PROOF OF CLASS MEMBERSHIP

☐    Check this box to certify that you were a person to whom DialAmerica mailed notice of the Data Incident and/or Settlement.

Enter the Notice ID Number provided on your Postcard Notice <u>or</u> your Social Security Number:

**Notice ID Number**

**Social Security Number**

**Questions? Go to ==URL== or call 1-==XXX-XXX-XXXX==.**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**
<mark>MONTH DD, 2023</mark>

</td><td>

<u>**CLAIM FORM DIALAMERICA MARKETING, INC.**</u>
<u>**DATA INCIDENT SETTLEMENT**</u>

*MOURE V. DIALAMERICA MARKETING, INC.*
*Case No. 3:22-cv-00625-OAW*

</td><td>

**DIAL AMERICA-A**

</td></tr>
</table>

## III.  IDENTITY THEFT PROTECTION

☐        Check this box if you wish to receive two (2) years of free identity protection and credit monitoring service.

## IV.  COMPENSATION FOR LOST TIME

All members of the Settlement Class who have spent time dealing with the Data Incident may claim up to five (5) hours for lost time at a rate of $15.00 per hour. Any payment for lost time is included in the $600 cap per Settlement Class member (no documentation is required).

Hours claimed (up to 5 hours – check one box)          ☐ 1 Hour ☐ 2 Hours ☐ 3 Hours ☐ 4 Hours ☐ 5 Hours

◯     I attest and affirm to the best of my knowledge and belief that any claimed lost time was spent related to the Data Incident.

Provide a written description of how the hours you claimed above were spent:

| |
|---|
| |
| |
| |
| |
| |

## V.  REIMBURSEMENT FOR ORDINARY EXPENSES

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** out-of-pocket expenses, not to exceed $600 per member of the Settlement Class, that were incurred as a result of the Data Incident:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ◯ Out-of-pocket expenses incurred as a result of the Data Incident, including bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ |

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td rowspan="2"><strong>Your claim must be submitted online or <u>postmarked by:</u></strong><br><mark>MONTH DD, 2023</mark></td><td><strong>CLAIM FORM DIALAMERICA MARKETING, INC.</strong><br><strong><u>DATA INCIDENT SETTLEMENT</u></strong><br><br><em>MOURE V. DIALAMERICA MARKETING, INC.</em><br><em>Case No. 3:22-cv-00625-OAW</em></td><td><strong>DIAL AMERICA-A</strong></td></tr>
</table>

| Cost Type<br>(Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| travel. | | |

**Examples of Supporting Documentation:** *Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e., police station, IRS office), indication of why you traveled there (i.e., police report or letter from IRS re: falsified tax return) and number of miles you traveled.*

| ○ Fees for credit reports, credit monitoring, or other identity theft insurance product purchased on or after February 2, 2021 through the Claims Deadline <mark>&lt;&lt;DATE&gt;&gt;</mark>. |    /   /   <br>(mm/dd/yy) | $     .   |

**Examples of Supporting Documentation:** *Receipts or account statements reflecting purchases made for Credit Monitoring or Identity Theft Insurance Services.*

| ○ Compensation for proven monetary loss, professional fees including attorneys' fees, accountants' fees, and fees for credit repair services incurred as a result of the Data Incident. |    /   /   <br>(mm/dd/yy) | $     .   |

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

## VI. REIMBURSEMENT FOR EXTRAORDINARY LOSS EXPENSES

All members of the Settlement Class who submit a Valid Claim using this Claim Form are eligible for reimbursement of the following **documented** extraordinary loss expenses, not to exceed $6,000 per member of the Settlement Class, that were incurred as a result of the Data Incident. Generally, an extraordinary loss expense is unreimbursed financial loss as the direct result of financial fraud or stolen identity.

An extraordinary loss must meet the following criteria: (i.) The loss is an actual, documented, and unreimbursed monetary loss; (ii.) The loss was more likely than not caused by the Data Security Incident; (iii.) The loss occurred between February 2, 2021 and the close of the Claims Period; (iv.) The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

**Questions? Go to <mark>URL</mark> or call 1-<mark>XXX-XXX-XXXX</mark>.**

<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**
MONTH DD, 2023

</td><td>

**CLAIM FORM DIALAMERICA MARKETING, INC.**
**DATA INCIDENT SETTLEMENT**

*MOURE V. DIALAMERICA MARKETING, INC.*
*Case No. 3:22-cv-00625-OAW*

</td><td>

**DIAL AMERICA-A**

</td></tr>
</table>

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ○ Extraordinary loss expenses incurred as a result of the Data Incident | ☐ ☐ / ☐ ☐ / ☐ ☐ (mm/dd/yy) | $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐ |

Provide a written description of your extraordinary loss expenses:

_____

_____

_____

_____

_____

**YOU MUST SUBMIT DOCUMENTATION OF YOUR EXTRAORDINARY LOSS EXPENSES.**

**Examples of Supporting Documentation:** Bank statements, credit card statement, letters from the IRS or other tax authorities, letters from state unemployment agencies, and police reports.

_____

## VII. CASH PAYMENT FOR CALIFORNIA SUBCLASS MEMBERS

If you reside or resided in the State of California at any time between February 2, 2021 and July 4, 2021, you are eligible to claim a $50 cash payment.

| California Address where Data Incident Notice was received |
|---|
|  |
|  |

### <u>Attestation</u>

☐ I attest that, at some time between February 2, 2021 and July 4, 2021, I was a resident of the State of California.

**Questions? Go to URL or call 1-XXX-XXX-XXXX.**

**Your claim must be submitted online or <u>postmarked by</u>: <mark>MONTH DD, 2023</mark>**

<u>**CLAIM FORM DIALAMERICA MARKETING, INC.**</u>
<u>**DATA INCIDENT SETTLEMENT**</u>

*MOURE V. DIALAMERICA MARKETING, INC.*
*Case No. 3:22-cv-00625-OAW*

**DIAL AMERICA-A**

## VII.  PAYMENT SELECTION

Please select <u>**one**</u> of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

☐ **Virtual Prepaid Card -** Enter your email address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    _____    _____
Signature                                         Printed Name                                      Date

# EXHIBIT B

# If You Received This Notice You May be Eligible for Payment from a Class Action Settlement

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web*

A proposed Settlement has been reached in a class action lawsuit known as *Moure v. DialAmerica Marketing, Inc*, Case No. 3:22-cv-00625-OAW (D. Ct.). This lawsuit arises out of a data breach that was discovered by DialAmerica ("DialAmerica or Defendant") on or about July 4, 2021 and announced on or around April 6, 2022 (the "Data Incident"). The information that may have been accessed in the Data Incident  includes full names, addresses, Social Security numbers, employer-assigned identification numbers (collectively, called "PII"), and in some instances, personal health information ("PHI"). Defendant disagrees with Plaintiff's claims.

## WHO IS INCLUDED?

If you received Notice of this Settlement, the Settlement Administrator has identified you as a Settlement Class Member and individual whose PII was potentially accessed as a result of the Data Incident.

## WHAT DOES THE SETTLEMENT PROVIDE?

Settlement Class Members can receive the following benefits from the Settlement: (1) up to $600 for documented out-of-pocket expenses, which includes reimbursement for up to five (5) hours of lost time spent dealing with the Data Incident ($15 per hour), and (2) for a Settlement Class Member who was the victim of actual documented identity theft reimbursement for extraordinary losses up to $6,000 for documented expenses. Defendant also agrees to update business practices and enhance security.  Defendant will pay a $50 cash benefit to Settlement Class Members who resided in California between February 2, 2021 and July 9, 2021 and who submit a timely claim. These settlement benefits are subject to an aggregate cap as set forth in section 2.9 of the Settlement Agreement. Settlement Class Members may also claim 2-years of credit monitoring through IDX.

**The only way to receive benefits from the proposed Settlement is to file a claim.** Claim Forms may be submitted online or mailed to the Settlement Administrator at: In re _____, c/o <admin address>.  The deadline to file a claim is _____.

## WHAT ARE YOUR OPTIONS?

• **Do nothing.** You will not receive any benefits from the Settlement. You will be legally bound by decisions of the Court and you give up your right to sue the Defendant relating to the claims resolved by this Settlement.

• **Exclude Yourself.** If you do not want to be included in the Settlement, you must submit a written request to the Settlement Administrator, Settlement Class Counsel, and Defendant's Counsel by **Month 00, 2022**.  You will keep your right to sue Defendant about the claims in this case, but you will not receive money. Detailed instructions on how to exclude yourself are found on _____.

• **Object/Comment**. You have the right to object to or comment on the Settlement and still get benefits. If you want to object to or tell the Court what you think about the Settlement, you must submit your objection/comment in writing by **Month 00, 2022**. Detailed instructions on how to object or comment are found on _____ .

The Court has scheduled a Final Fairness Hearing for the Settlement of this case on [Month, day, year] _____ to consider: 1) whether to approve the Settlement; 2) any objections; 3) the requests for awards to the Settlement Class Representatives; and 4) the request for an award of attorneys' fees of up to $600,000 and class representative costs of  $2,000 each. You may attend the Final Approval Hearing and ask to be heard by the Court, but you do not have to attend.

This is only a summary. For more information about the settlement and benefits, visit _____, call _____.

# **EXHIBIT C**

NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

## If You Received this Notice, You May be Eligible for Payment From a Class Action Settlement.

*This is not a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

- A proposed Settlement has been reached in a class action lawsuit known as *Moure v. DialAmerica Marketing, Inc*, Case No. 3:22-cv-00625-OAW (D. Ct.).

- This lawsuit arises out of a data breach that was discovered by DialAmerica ("DialAmerica or Defendant") on or about July 4, 2021 and announced on or around April 6, 2022 (the "Data Incident"). The information that may have been accessed in the Data Incident includes full names, addresses, Social Security numbers, and employer-assigned identification numbers (collectively, called "PII"), and in some instances, personal health information ("PHI"). Defendant disagrees with Plaintiff's claims.

- All Settlement Class Members who timely submit claims can receive the following benefits from the Settlement: (1) up to $600 for documented out-of-pocket expenses, which includes reimbursement for up to five (5) hours of lost time spent dealing with the Data Incident ($15 per hour), and (2) for a Settlement Class Member who was the victim of actual documented identity theft reimbursement for extraordinary losses up to $6,000 for documented expenses. Defendant also agrees to update business practices and enhance security.  Defendant will pay a $50 cash benefit to Settlement Class Members who were residing in California between February 2, 2021 and July 9, 2021. These settlement benefits are subject to an aggregate cap as set forth in section 2.9 of the Settlement Agreement.

- Credit Monitoring: Settlement Class Members will also have the opportunity to claim 2 years of credit monitoring through IDX.

- If you received Notice of this Settlement, the Settlement Administrator has identified you as a Settlement Class Member and individual whose PII was potentially accessed as a result of the Data Incident.

  **Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim and/or Receive Credit Monitoring** | **You must submit a Valid Claim to get money from this Settlement.** Claim Forms must be submitted online by _____ **p.m.** _____ **Time** or, if mailed, postmarked no later than _____. |
| **Do Nothing** | If you do nothing, you remain in the Settlement. You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.** This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not get any money from the Settlement. Your request to exclude yourself must be postmarked no later than ____. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved. Objections must be postmarked no later than ____. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details. The Final Fairness Hearing is scheduled for _____. |

1

## WHAT THIS NOTICE CONTAINS

**Basic Information**................................................................................................**Pages 4-5**

    1.   How do I know if I am affected by the Lawsuit and Settlement?
    2.   What is this case about?
    3.   Why is there a Settlement?
    4.   Why is this a class action?
    5.   How do I know if I am included in the Settlement?

**The Settlement Benefits**.......................................................................................**Pages 5-7**

    6.   What does this Settlement provide?
    7.   How to submit a Claim?
    8.   What am I giving up as part of the Settlement?
    9.   Will the Class Representatives receive compensation?

**Exclude Yourself**.................................................................................................**Page 8**

    10.  How do I exclude myself from the Settlement?
    11.  If I do not exclude myself, can I sue later?
    12.  What happens if I do nothing at all?

**The Lawyers Representing You**.............................................................................**Page 8**

    13.  Do I have a lawyer in the case?
    14.  How will the lawyers be paid?

**Objecting to the Settlement**..................................................................................**Page 9-10**

    15.  How do I tell the Court that I do not like the Settlement?
    16.  What is the difference between objecting and asking to be excluded?

**The Final Fairness Hearing**..................................................................................**Page 10**

    17.  When and where will the Court decide whether to approve the Settlement?
    18.  Do I have to come to the hearing?
    19.  May I speak at the hearing?

**Do Nothing**.........................................................................................................**Page 10**

    20.  What happens if I do nothing?

**Get More Information**..........................................................................................**Page 10**

    21.  How do I get more information about the Settlement?

BASIC INFORMATION

### 1.  How do I know if I am affected by the Lawsuit and Settlement?

If you received Notice of this Settlement, the Settlement Administrator has identified you as a Settlement Class Member and one of the approximately 213,840 persons whose PII was potentially impacted as a result of the Data Incident that was discovered by DialAmerica on or about July 4, 2021.

Specifically excluded from the Settlement Class are: (i) Defendant's officers and  directors; (ii) any entity in which Defendant has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff. This Notice explains the nature of the lawsuit and claims being settled, your legal rights, and the benefits to the Class.

### 2.  What is this case about?

- The case is known as *Moure v. DialAmerica Marketing, Inc*, Case No. 3:22-cv-00625-OAW (D. Ct.). The person who sued is called the "Plaintiff," and the company they sued, DialAmerica Marketing, Inc., is known as the "Defendant" in the case and in this Notice. United States District Judge Omar A. Williams of the United States District Court, District of Connecticut is the judge in this case.

Plaintiff filed a lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information ("PII") was potentially impacted as a result of the Data Incident.

This lawsuit arises out of a data breach that was discovered by DialAmerica("DialAmerica or Defendant") on or about July 4, 2021 and announced on or around April 6, 2022 (the "Data Incident"). The information that may have been accessed in the Data Incident includes full names, addresses, Social Security numbers, employer-assigned identification numbers, and other personally identifiable information (collectively, called "PII"). Defendant disagrees with Plaintiff's claims and denies any wrongdoing.

### 3.  Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, best for the Class Members. The Court did not decide in favor of the Plaintiff or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at _____

**4. Why is this a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members."

**5. How do I know if I am included in the Settlement?**

If you received Notice of this Settlement, the Settlement Administrator has identified you as a Settlement Class Member and individual whose PII was potentially impacted as a result of the Data Incident that was discovered on July 4, 2021. If you have any other questions about the Settlement, visit _____, call toll free _____, or write to _____.

### THE SETTLEMENT BENEFITS

**6. What does this Settlement provide?**

a. The proposed Settlement will provide the following benefits to Class Members:

b. Defendant will agree to make available the following compensation available to Settlement Class Members who submit valid and timely claim forms.  Claims will be subject to review for completeness and plausibility by a Claims Administrator, and Settlement Class Members will have the opportunity to seek review by a third-party Claims Referee, at Defendant's expense, if they dispute the Claims Administrator's initial determination.

c. **Compensation for Ordinary Losses**: Defendant will reimburse documented out of pocket expenses incurred as a result of the Data Security Incident, up to a maximum of $600.00 per person, upon submission of a claim and supporting documentation, such as the following losses:

    i. Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel;

    *ii.* Fees for credit reports, credit monitoring, or other identity theft insurance product purchased between February 2, 2021 and the date of the Claims Deadline*;*

    iii. Compensation for up to 5 hours of lost time, at $15/hour, for a maximum of up to $75 per person.   Class members may submit claims for up to 5 hours of lost time with an attestation that they spent the claimed time responding to issues raised by the Data Security Incident.  This payment shall be included in the $600 per person cap for Compensation for Documented Out-of-Pocket Losses and Lost Time.

    iv. This list of reimbursable documented out-of-pocket expenses is not meant to be exhaustive, is exemplary.  Settlement Class Members may make claims for any documented out-of-pocket losses reasonably related to the Data Security Incident or to mitigating the effects of the Data Security Incident.  The Claims Administrator shall have discretion to determine whether any claimed loss is reasonably related to the Data Security Incident.

d. **Compensation for Extraordinary Losses**:  Defendant will provide up to $6,000 in compensation to each Settlement Class Member who was the victim of actual documented identity theft and documents monetary loss arising from actual identity theft if:

    i. The loss is an actual, documented, and unreimbursed monetary loss;

    ii. The loss was more likely than not caused by the Data Security Incident;

4

iii.   The loss occurred between February 2, 2021 and the close of the Claims Period;

iv.   The loss is not already covered by one or more of the normal reimbursement categories; and the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

e.   **Credit Monitoring**: Class members may claim and Defendant will pay for credit monitoring services as follows:

24 months of free identity-theft protection, called "Identity Protection Services". The 24 months of free identity-theft protection provided under this Settlement Agreement shall be in addition to any other identity-theft protection and/or credit monitoring previously received by Settlement Class Members.  "Identity Protection Services" includes, single bureau credit monitoring, dark web monitoring, $1M reimbursement insurance, fully managed identity recovery and lost wallet assistance.

f.   **California Statutory Benefit:**

Defendant will pay a $50 cash benefit to any of person whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021, and who were residing in California between February 2, 2021 and July 9, 2021.

g.   Compensation for Ordinary Losses, Extraordinary losses and the California statutory benefit claims are all subject to an aggregate cap as set forth in Section 2.0 of the Settlement Agreement.

## 7.  How to submit a Claim?

All Claims will be reviewed by the Settlement Administrator and/or a claims referee. You must file a Claim Form to get any money from the proposed Settlement. Claim Forms must be submitted online by _____ or postmarked no later than _____. You can download a Claim Form at _____ or you can call the Claims Administrator at _____.

## 8.  What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue the Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers regarding the claims in this case. The Settlement Agreement, which includes all provisions about settled claims, releases, and released parties, is available at _____

The only way to keep the right to sue is to exclude yourself (Question 10), otherwise you will be included in the Settlement Class, if the Settlement is approved, and you give up the right to sue for the claims in this case.

## 9.  Will the Class Representatives receive compensation?

Yes. Class Representatives will receive a service award of up to a maximum total amount of $2,000 each ($6,000 total), to compensate them for their services and efforts in bringing the lawsuit. The Court will make the final decision as to the amount, if any, to be paid to the Class Representatives.  The Class Representatives in this case are Allen Moure, Daniel Blanco, and Rafael Blanco.

5

## EXCLUDE YOURSELF

### 10. How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a written request for exclusion, postmarked no later than _____ to:

[ADDRESS]

Your written request for exclusion must state your name, address, and phone number (or the name, address, and phone number of the person seeking exclusion) and must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the DialAmerica lawsuit."

If you exclude yourself, you will not be able to receive any cash benefits from the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will keep your right to sue the Defendant on your own for the claims that this Settlement resolves.

### 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this Settlement resolves.

### 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money from the Settlement, you will not be able to start or proceed with a lawsuit, or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

Yes. The Court has appointed Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Terence R. Coates of Markovits Stock DeMarco, LLC, and William B. Federman of Federman & Sherwood (called "Class Counsel") to represent the interests of all Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Class Counsel will apply to the Court for an award of attorneys' fees and litigation expenses in an amount not to exceed $600,000. A copy of Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards will be posted on the Settlement Website, _____, after it is filed. The Court will make the final decisions as to the amounts to be paid to Class Counsel and may award less than the amount requested by Class Counsel.

**OBJECTING TO THE SETTLEMENT**

### 15. How do I tell the Court that I do not like the Settlement?

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you can submit an Objection telling it why you do not think the Settlement should be approved. Objections must be submitted in writing and include all the following information:

Such notice shall state:

    (i)     the title of the case;

    (ii)    the Settlement Class Member's name, address, and telephone number;

    (iii)   all legal and factual bases for any objection; and

    (iv)   copies of any documents that the Settlement Class Member wants the Court to consider.

Should you wish to appear at the Final Approval Hearing, you must so state, and must identify any documents or witnesses that you intend to call on your behalf.

Your Objection must be submitted to the Clerk of the Court by First-Class mail, received no later than _____, to:

                         [ADDRESS]

- It must include the case name and docket number: *Moure v. DialAmerica Marketing, Inc*, Case No. 3:22-cv-00625-OAW (D. Ct.)). (the "*Moure*" Action"). In addition, you must mail a copy of your Objection to Class Counsel and Defense Counsel postmarked no later than _____:

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Gary M. Klinger<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>227 Monroe Street, Suite 2100<br>Chicago, IL 60606 | Claudia D. McCarron<br>MULLEN COUGHLIN, LLC<br>426 W. Lancaster Ave, Suite 200<br>Devon, PA  19333 |

If you do not submit your Objection with all requirements, or if your Objection is not received by _____, you will be considered to have waived all Objections and will not be entitled to speak at the Final Fairness Hearing.

### 16. What is the difference between objecting and asking to

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE FINAL FAIRNESS HEARING

| 17. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold the Final Fairness Hearing at _____ a.m. on _____, at Courtroom _____, of the _____. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be approved. If there are valid Objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of Attorneys' Fees and Expenses to Class Counsel and the request for a service award to the Class Representatives.

| 18. Do I have to come to the hearing? |
|---|

No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your Objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Fairness Hearing, but that is not necessary.

| 19. May I speak at the hearing? |
|---|

Yes. You can speak at the Final Fairness Hearing but you must ask the Court for permission. To request permission to speak, you must file an Objection according to the instructions in Question 15, including all the information required. You cannot speak at the hearing if you exclude yourself from the Settlement.

## DO NOTHING

| 20. What happens if I do nothing? |
|---|

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case or any other arising out of the same data breach, and you release the claims against Defendant described in Question 8.

## GET MORE INFORMATION

| 21. How do I get more information about the Settlement? |
|---|

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Settlement Agreement, the complaint, the Court's Preliminary Approval Order, Class Counsel's Application for Attorneys' Fees and Expenses, and more, please visit _____or call _____. You may also contact the Settlement Administrator at _____----

PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.

# **EXHIBIT D**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

-----------------------------------------------------------

ALLEN MOURE, individually and on behalf of all
others similarly situated,

                              Plaintiff,                    Case No.: 3:22-cv-00625-OAW

      -against-

DIALAMERICA MARKETING, INC.,
                      Defendant.

-----------------------------------------------------------    X

_____

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
_____

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class

Action Settlement, (Doc. No. <u>41</u>) (the "Motion"), the terms of which are set forth in a Settlement

Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion (the

"Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the

Motion and orders as follows:

    1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement

provides for a Settlement Class defined as follows:

> All persons whose full name and other personally identifying information and/or
> protected health information was potentially accessed during the data security incident
> that occurred in July 2021.

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

The Settlement Agreement further provides for a California Subclass defined as follows:

All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021, and who were residing in California between February 2, 2021 and July 9, 2021.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because they meet all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and the Representative Plaintiffs seek similar relief as the claims of the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.     **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Allen Moure, Daniel Blanco, and Rafael Blanco will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Terence

R. Coates of Markovits Stock DeMarco, LLC, and; William B. Federman of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it for purposes of this settlement only. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ _____, 202___, at the Hartford Division courthouse, 450 Main Street, Hartford, Connecticut 06103, Courtroom_____ [or via telephone or videoconference ] at the to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement

Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for Service Awards should be approved.

6.      **Claims Administrator**. The Court appoints Angeion Group LLC as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement requires. The Claims Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and C are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Claims Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion to permit issuance of notice, the Claims Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

For a Request for Exclusion to be properly completed and executed, subject to approval by the Court, it must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must also contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the DialAmerica lawsuit."

Within 7 days after the Opt-Out Deadline, the Claims Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the final Judgment and Order of Dismissal is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal. Settlement

Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

11.    **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Class Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to file their objections with the Court, and to mail copies to Class Counsel and DialAmerica's counsel. The Notice shall make clear that the Court can only approve or deny the Class Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Class Settlement Agreement must be written and must include all of the following: (i). the title of the case; (ii) the Settlement Class Member's name, address, and telephone number; (iii) all legal and factual bases for any objection; and (iv) copies of any documents that the Settlement Class Member wants the Court to consider. Should the Settlement Class Member wish to appear at the Final Approval Hearing, the Settlement Class Member must so state, and must identify any documents or witnesses the Settlement Class Member intends to call on his or her behalf. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Judgment and Order of Dismissal if entered.

12.    **Claims Process**.  Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Judgment and Order of Dismissal is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Judgment and Order of Dismissal, including the release.

13.    **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (4) the number of Opt-Outs is greater than 250 individuals. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.    **Use of Order**. This Order shall be of no force or effect if the Final Judgment and

Order of Dismissal is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.     **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Class Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Class Settlement Agreement.

17.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Claims Administrator acting on behalf of Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Class List to Claims Administrator** | Within 14 days after entry of this Preliminary Approval Order |

| Event | Timing |
|---|---|
| **Notice Deadline for Claims Administrator to Begin Sending Summary Notice** | Within 30 days after the Order of Preliminary Approval, with notice to be completed within 45 |
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel** | At Least 14 days before the Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 60 days after Notice Deadline |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after Notice Deadline |
| **Motion for Final Approval to be Filed by Class Counsel** | At Least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 100 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** in Hartford, Connecticut on this ___ day of ____ ____, 2023.


_____
**HONORABLE OMAR A. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**

# **EXHIBIT E**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

------------------------------------------------------------

ALLEN MOURE, individually and on behalf of all
others similarly situated,

                      Plaintiff,                      Case No.: 3:22-cv-00625-OAW

       -against-

DIALAMERICA MARKETING, INC.,
                        Defendant.

------------------------------------------------------------    X

---

**[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

      Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiff Allen Moure and Daniel Blanco, and Rafael Blanco, (hereinafter collectively referred to as "Class Representatives") and Defendant DialAmerica Marketing, Inc. ("Defendant"), as fair, reasonable and adequate, awarding attorneys' fees and expenses to Class Counsel as outlined herein, and awarding service awards to Representative Plaintiffs as detailed below.

      Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees, expenses, and service awards to the Class Representatives, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on _____, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the classes and class claims, appointing Class Representatives, and appointing as Settlement Class Counsel Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Terence R. Coates of Markovits Stock DeMarco, LLC; and William B. Federman of Federman & Sherwood (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the claims administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** on _____**[DATE]**, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on _____**[DATE]**, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees

and costs to Settlement Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiff's Complaint and Jury Demand against Defendant for failure to implement or maintain adequate data security measures for the sensitive information of current and former employment applicants and employees, which

Plaintiff alleges directly and proximately caused injuries to Plaintiff/Class Representatives and Settlement Class Members.

3.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.     Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.     The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021.
The Court hereby finally certifies the following California Subclass:

All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021, and who were residing in California between February 2, 2021 and July 9, 2021.

6.     The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and

appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

>   A.      Defendant to institute a Settlement Claims Administration as outlined in the Settlement Agreement whereby Class Members can submit claims that will be evaluated by a Claims Administrator mutually agreed upon by Class Counsel and Defendant.
>
>   B.      Defendant to pay all costs of Claims Administration and Settlement Administration, including the cost of Claims Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks.
>
>   C.      Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court.  Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, Final Approval Hearing, the application for attorneys' fees and costs and expenses, and the proposed service award payments to the Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that such Notice as therein ordered, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Order.

12.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     The parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14.     Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.    Pursuant to and as further described in the Settlement Agreement, Plaintiff and the

Settlement Class Members release claims as of the Effective Date as follows:

> any and all past, present, and future claims and causes of action including, but not limited
> to, any causes of action arising under or premised upon any statute, constitution, law,
> ordinance, treaty, regulation, or common law of any country, state, province, county, city,
> or municipality, including 15  U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any
> states in the United States; violations of the California Unfair Competition Law, Cal. Bus.
> & Prof. Code § 17200, *et seq.* and all similar state consumer-protection statutes; violations
> of the California Consumer Protection Act of 2018, Cal. Civ. Code § 1798, *et seq.* and any
> and all similar state privacy-protection statutes; violations of the California Consumer
> Records Act, Cal. Civ. Code § 1798.80, *et seq.* and any and all similar statutes in effect in
> any states in the United States; violations of the California Confidentiality of Medical
> Information Act, Cal. Civ. Code  § 56, *et seq.* and any and all similar statutes in effect in
> any states in the United States; negligence; negligence *per se*; breach of contract; breach
> of implied contract; breach of fiduciary duty; breach of the implied covenant of good faith
> and fair dealing; breach of confidence; invasion of privacy; unfair business practices; fraud;
> misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment;
> bailment; wantonness; failure to provide adequate notice pursuant to any breach
> notification statute or common law duty; and including, but not limited to, any and all
> claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief,
> attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the
> creation of a fund for future damages, statutory damages, punitive damages, special
> damages, exemplary damages, restitution, and/or the appointment of a receiver, whether
> known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent,
> direct or derivative, and any other form of legal or equitable relief that either has been
> asserted, was asserted, or could have been asserted, by any member of the Settlement Class
> against any of the Released Persons based on, relating to, concerning or arising out of the
> Data Incident and alleged theft of personal information or personal health information or
> the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise
> described in the Litigation.

Released Claims does not include the right of any Settlement Class Member or any of the

Released Parties to enforce the terms of the Class Settlement Agreement and shall not

include any claims of Settlement Class Members who have timely excluded themselves

from the Settlement Class.

17.    Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the

Settlement Class, the Court approves payments to Class Representative in the total amount

of $2,000 each as a service award for their efforts on behalf of the Settlement Class.  Class Counsel shall make such payment in accordance with the terms of the Settlement Agreement.

18.    The Court affirms the appointment of Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Terence R. Coates of Markovits Stock DeMarco, LLC, and; William B. Federman as Settlement Class Counsel, and finds that they have adequately represented the interests of the Settlement Class.

19.    The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for combined attorneys' fees and expenses in the amount of $600,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.    This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the action.  This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any

damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein).  The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment.  The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

21.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the

Parties' respective positions on the issue of class certification or any other issue). Further, in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel.

22.  Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23.  Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24.  This Order resolves all claims against all parties in this action and is a final order.

25.  The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

Dated: _____

                                        _____
                                        **HONORABLE OMAR A. WILLIAMS**
                                        **UNITED STATES DISTRICT JUDGE**