# **EXHIBIT 2**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X

**ALLEN MOURE**, individually and on behalf of
all others similarly situated,

                 Plaintiff,            Case No.: 3:22-cv-00625-OAW

   -against-                  **DECLARATION OF GARY
KLINGER IN SUPPORT OF
PLAINTIFF'S UNOPPOSED MOTION
**DIALAMERICA MARKETING, INC.,**     **FOR PRELIMINARY APPROVAL OF
                  Defendant.       **CLASS ACTION SETTLEMENT**

-----------------------------------------------------------X

       I, Gary Klinger, being competent to testify, make the following declaration:

       1.       I am currently a partner at the law firm Milberg Coleman Bryson Philips Grossman,

PLLC ("Milberg"). I am counsel at Milberg for the proposed Settlement Class.[1] I submit this

declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action

Settlement ("Motion for Preliminary Approval"). Except as otherwise noted, I have personal

knowledge of the facts set forth in this declaration and could testify competently to them if called

upon to do so. A true and correct copy of the Settlement Agreement ("Settlement Agreement") is

attached to the Motion for Preliminary Approval as **Exhibit 1.**

       2.       Attached to the Settlement Agreement are the following Exhibits, the form and

substance of which have been agreed to by the Parties and are submitted with the Motion for the

Court's approval:

---

[1] Unless otherwise noted, capitalized terms have the meaning ascribed to them in the Settlement
Agreement and Release dated February 8 2023 ("Settlement Agreement" or "SA").

Exhibit A:      Claim Form

Exhibit B:      Short Form Notice

Exhibit C:      Long Form Notice

Exhibit D:      Proposed Preliminary Approval Order

Exhibit E:      Proposed Final Approval Order

**Counsel Qualifications**

3.      I am a Partner at the international plaintiffs' class action law firm Milberg.[2] Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[3] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the U.S. Supreme Court.[4] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.  Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

4.      As a Partner at Milberg, I have extensive experience serving as lead or co-lead counsel in numerous privacy class actions, including class actions under Illinois' Biometric Information Privacy Act ("BIPA"), and other complex class actions.

5.      I am a Certified Information Privacy Professional (CIPP/US) and a member of the International Association of Privacy Professionals. I am also presently pursuing my Masters of

---

[2] A copy of Milberg's firm resume is attached hereto as **Exhibit A**.
[3] *See, e.g., In re Tyco Int'l Ltd., Securities Litig.*, MDL 1335 (D. N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Ins. Co. Sales Practice Litig.*, No. 95-4704 (D. N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.
[4] *See* https://milberg.com/precedent-setting-decisions/page/3/.

Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law.

6.      I have settled on a class-wide basis more than forty class actions involving privacy violations where I served as lead or co-lead counsel and recovered more than $100 million in the process. I am presently litigating more than one hundred class action cases across the country involving privacy violations.

7.      I obtained final approval of a class-wide settlement valued at $17.6 million for a privacy class action involving more than six million consumers.  *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as one of three court appointed co-lead counsel).

8.      I also obtained final approval for a class-wide settlement for $11 million for a major privacy class action involving more than four million consumers. *See Heath v. Insurance Techs. Corp.*, No. 21-cv-01444 (N.D. Tex.).

9.      I presently serve as one of two Court-appointed Lead Counsel in the privacy case styled, *In re Canon U.S.A. Data Breach Litig.*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed Dec. 23, 2020).

10.      I was also appointed Co-Lead Counsel in the privacy case styled, *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.), which involves approximately one million class members and settled on a class-wide basis for $4.35 million.

11.      I also served as co-lead counsel in the consolidated privacy litigation styled, *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.), which involves more than 2.4 million class members and settled on a class-wide basis for $4.75 million.

3

12.     I also currently serve as appointed co-lead counsel to represent more than three million class members in another major privacy class action in the Seventh Circuit. *See In re Arthur J. Gallagher Data Breach Litig.*, No. 1:21-cv-04056 (N.D. Ill.).

13.     It is noteworthy that, just in the time since 2020 through the present, I (either individually, or as a member of the law firms in which I have been a partner during that timeframe) have been appointed class counsel in a number of data breach and/or data privacy cases, including, but not limited to, the following:

    a.  *Kenney et al. v. Centerstone of America, Inc.*, Case No. 3:20-cv-01007 (M.D. Tenn.) (appointed co-class counsel in data breach class action settlement involving over 63,000 class members; final approval granted Aug. 2021);

    b.  *Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D.N.Y.) (class counsel in a data breach class action settlement; final approval granted Feb. 2021);

    c.  *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted Dec. 2020);

    d.  *Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted Feb. 2021);

    e.  *Jackson-Battle v. Navicent Health, Inc.,* Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (appointed class counsel in data breach case involving 360,000 patients; final approval granted Aug. 2021);

    f.  *Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted Sept. 2020);

    g.  *Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington) (appointed class counsel in data breach case, final approval granted September 2021);

    h.  *Klemm et al. v. Maryland Health Enterprises Inc.*, Case No. C-03-CV-20-022899 (Circuit Court for Baltimore County, Maryland) (appointed class counsel; final approval granted November 2021);

i.   *Purvis, et al v. Aveanna Healthcare, LLC*, Case No. 1:20-cv-02277-LMM (N.D. Ga.) (appointed class counsel; final approval granted October 2022);

j.   *In re: GE/CBPS Data Breach Litigation*, 1:2020-cv-02903, Doc. 35 (S.D.N.Y.) (appointed co-lead counsel in nationwide class action; preliminary approval granted August 2022);

k.   *Nelson, et al. v. Idaho Central Credit Union*, No. CV03-20-00831 (Bannock County, Idaho) (appointed co-lead counsel in data breach class action involving 17,000 class members; granted final approval of settlement valued at $3.3 million);

l.   *In Re: Canon U.S.A. Data Breach Litigation*, Master File No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.) (appointed co-lead counsel);

m.   *Suren et al. v. DSV Solutions, LLC*, Case No. 2021CH000037 (Circuit Court for the Eighteenth Judicial Circuit of DuPage County, Illinois) (appointed Settlement Class Counsel, final approval granted Sept. 27, 2021);

n.   *Chacon v. Nebraska Medicine*, Case No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted Sept. 2021).

o.   *Aguallo et al v. Kemper Corporation et al.,* Case No. 1:21-cv-01883 (N.D. Ill.) (appointed Co-lead Counsel, final approval granted of $17.1 million class settlement);

p.   *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.) (appointed co-lead counsel in data breach involving over 1 million persons; final approval of $4.35 million settlement granted July 2022);

q.   *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.) (appointed co- lead counsel in data breach case involving over 2.4 million class members; final approval of $4.75 million settlement granted June 2022);

r.   *In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (appointed co- lead counsel in data breach case involving over 3 million class members);

s.   *Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.) ($11 million settlement for a major data breach involving more than 4 million consumers; final approval granted January 2023).

t.  *Hough v. Navistar, Inc.,* Case No.: 2021L001161 (Ill. 18th Jud. Cir. Crt., DuPage Cnty.); (appointed co-lead class counsel; final approval granted May 2022);

u.  *Clark v. Mercy Hospital, et al*, Case No. CVCV082275 (Iowa Dist. Crt, Johnson Cnty.) (appointed class counsel; final approval granted July 2022);

v.  *Myschka, et al v. Wolfe Clinic, P.C. d/b/a Wolfe Eye Clinic,* (Iowa Dist. Crt., Marshall Cnty.) (appointed class counsel; final approval granted June 2022);

w.  *Devine, et al v. Health Aid of Ohio, Inc.*, (Ohio Court of Common Pleas, Cuyahoga Cnty.) (appointed class counsel; final approval granted September 2022);

x.  *Davidson v. Healthgrades Operating Company, Inc.*, Case No. 1:21-cv-01250-RBJ (D. Colo.), (appointed class counsel; final approval granted August 2022);

y.  *Bodie v. Capitol Wholesale Meats, Inc.,* Case No. 2022CH000020 (Ill. 18th Jud. Cir. Crt., DuPage Cnty.) (appointed class counsel; final approval granted June 2022);

z.  *Culp v. Bella Elevator LLC*, Case No. 2021-CH-00014 (Ill. 10th Jud. Cir. Crt., Peoria Cnty.) (appointed class counsel; final approval granted May 2022);

aa.  *Cain, et al. v. OSF Healthcare*, Case No. 21-L-00231 (Circuit Court for the Tenth Judicial Circuit of Peoria County, Illinois) (appointed settlement class counsel; final approval granted January 2023);

bb.  *Nelson et. al v. Bansley & Kiener, LLP*, Civil Action No. 2021-CH-06274 (Ill. 1st Jud. Cir. Crt., Cook Cnty.) (appointed class counsel; final approval granted November 2022);

cc.  *Steen v. The New London Hospital Association, Inc*., Civil Action No. 217-2021-CV-00281 (Merrimack Superior Court, New Hampshire) (appointed class counsel; preliminary approval granted September 8, 2022);

dd.  *Summers II v. Sea Mar Community Health Ctrs.*, Case No. 22-2-00773-7 SEA (Wash. Sup. Ct., King Co.) (appointed class counsel; final approval granted December 2022);

ee.  *Cathy Shedd v. Sturdy Memorial Hospital*, *Inc.*, Civ. Action No: 2173 CV 00498 (Mass. Sup. Ct. Dept.) (appointed class counsel; preliminary approval granted October 17, 2022);

ff.  *Engle v. Talbert House*, Case No.: A2103650 (Court of Common Pleas, Hamilton County, Ohio) (appointed class counsel; preliminary approval granted August 2022);

gg. *In re Forefront Dermatology Data Breach Litigation,* Master File No. 1:21-cv-00887-LA (E.D. WI) (appointed co-class counsel on 2.4 million person data breach; preliminary approval granted October 3, 2022);

hh. *Hawkins et al. v. Startek, Inc*., Case No. 1:22-cv-00258-RMR-NRN (USDC CO)(appointed class counsel; preliminary approval granted October 21, 2022);

ii.  *McHenry v. Advent Health Partners, Inc*., Case No. 3:22-cv-00287 (USDC MD TN)(appointed class counsel; preliminary approval granted December 6, 2022); and

jj.  *Simmons v. Assistcare Home Health Services, LLC*, Index No. 511490/2021 (Supreme Ct. NY, King's County) (appointed class counsel; preliminary approval granted January 2023).

14.    I have also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), I certified, over objection, a nationwide privacy class action involving more than one million class members. *See id.*

15.    In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended me for "quite a substantial recovery for class members." Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by me (and my co-counsel).

16.    Simply put, I, along with the attorneys at Milberg, have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., In re: Blackbaud Data Privacy* MDL No. 2972

(D. S.C.) (where Milberg serves as interim class counsel in a major privacy involving millions of consumers).

17.     In addition to concentrating my practice on class action litigation involving consumer, privacy, and product liability matters, I also make substantial efforts to stay apprised of the current law on these issues. In recent years, I have attended various legal training seminars and conferences such as the dri™ conference for Class Actions, Mass Torts Made Perfect, Mass Torts Puerto Rico, The Consumer Rights Litigation Conference and Class Action Symposium, as well as attended various seminars offered by Strafford on class action issues.

18.     I graduated from the University of Illinois at Urbana-Champaign in 2007 (B.A. Economics), and from the University of Illinois College of Law in 2010 (J.D., cum laude). While at the U of I College of Law, I was a member of, and ultimately appointed as the Executive Editor for, the Illinois Business Law Journal. My published work includes: The U.S. Financial Crisis: Is Legislative Action the Right Approach? Ill. Bus. L. J. (Mar. 2, 2009).

19.     I became licensed to practice law in the State of Illinois in 2010, and am a member of the Trial Bar for the Northern District of Illinois as well as the U.S. Bankruptcy Court for the Northern District of Illinois. Additionally, I am admitted to practice in federal courts across the country, including, but not limited to, the U.S. District Courts for the District of Colorado, the Central District of Illinois, the Northern District of Illinois, Northern District of Indiana, Southern District of Indiana, Eastern District of Michigan, and the Eastern District of Texas.

20.     Plaintiff strongly supports the Settlement. Plaintiff believes that the Settlement is a fair, reasonable, and adequate settlement between the Parties, particularly so in light of the attendant risks and uncertainties involved with continued litigation,. Plaintiff also believes the Settlement provides a substantial benefit for Class Members, including Plaintiff.

21.    I believe that the Settlement is fair, reasonable, adequate, in the best interests of the Class, and provides substantial benefits for Plaintiff and Class Members.

22.    My years of experience representing individuals in complex class actions—including privacy class actions—contributed to an awareness of Plaintiff's' settlement leverage, as well as the needs of Plaintiff and the proposed Class. I believe that our clients would ultimately prevail in litigation. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant potential risk of drawn-out appeals. Additionally, based on my experience, I believe the benefits of the Settlement far outweigh the delay and considerable risk of proceeding to trial. It is my individual opinion, and that of my co-counsel, based on our substantial experience, that the Settlement provides significant relief to the Class Members and warrants the Court's preliminary approval.

### Initial Investigation and Communications

23.    On or about February 2, 2021 through on or about July 9, 2021, Defendant DialAmerica Marketing Inc. ("Defendant" or "DialAmerica") was the victim of a data incident in which criminals gained access to certain DialAmerica systems, which contained certain information about DialAmerica employees such as individuals' personally identifiable information ("PII") (hereinafter, the "Data Incident").

24.    Plaintiff alleged the following facts in Plaintiff's Class Action Complaint:

a.    Defendant DialAmerica is a telemarketing and call center outsourcing service provider headquartered at 960 MacArthur Boulevard, Mahwah, New Jersey 07430;[5]

---

[5] Class Action Compl. ("Compl."), at Doc. 1, ¶ 14.

b. In order to be paid for their employment at DialAmerica and to obtain benefits from their employer, current and former employees like Plaintiff were required to turn over certain information, including names, addresses, dates of birth, Social Security numbers, driver's license/state ID numbers, passport numbers, health insurance information, financial account information and other personal identifiable information.

c. Defendant began notifying impacted and former employees and state Attorneys General about a data breach that occurred between February 2, 2021 and July 9, 2021 on or about April 6, 2022;[6]

25. Defendant reports its forensic investigation and internal investigation efforts confirmed that between February 2, 2021 and July 9, 2021, and unauthorized actor gained access to certain DialAmerica systems and that the unauthorized actor viewed and took data from within those systems.[7]

26. DialAmerica notified the 192,930 individuals whose PII may have been impacted were impacted by the Data Incident, approximately 7,363 of whom reside in the State of California.

27. After receiving notice that his PII had been impacted by the Data Incident, Plaintiff retained my firm. After an internal investigation, my firm filed Mr. Moure's initial Class Action Complaint.

**PROCEDURAL POSTURE**

28. On May 3, 2022, Plaintiff Allen Moure filed his original class action complaint in the District of Connecticut alleging four causes of action:[8]

---

[6] Compl. ¶ 33-34.
[7] Agr. § I.
[8] Compl. Dkt. 1

29.     The Complaint sought certification of a single national class.[9]

30.     Plaintiff alleges that the Data Incident put them at risk of imminent, immediate and continuing risk of harm from fraud and identity theft. He also alleges that he, and other class members, have been forced to spend time dealing with the effects of the Data Incident.[10]

31.     Plaintiff sought equitable relief enjoining Defendant from engaging in the wrongful conduct complained of and compelling Defendant to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety.[11]

32.     Plaintiff further sought an order requiring Defendant to provide credit monitoring services or funds for the purchase of credit monitoring services to herself and the rest of the class.[12]

33.     Finally, Plaintiff sought an award of actual, compensatory, and statutory damages as well as attorneys' fees and costs, and any such further relief as may be deemed just and proper.[13]

34.     Soon after Plaintiff filed his Complaint, the Parties, by and through their respective counsel, began discussing the possibility for early resolution.

35.     The Parties agreed that an early resolution of the above-captioned litigation (the "Litigation") was warranted.

36.     On November 2, 2022, counsel for Plaintiffs Moure, Daniel and Rafael Blanco,[14] and DialAmerica engaged in a joint mediation with the Honorable Wayne R. Andersen (Ret.) of

---

[9] Compl. ¶ 82.
[10] Compl. ¶¶ 76-81.
[11] Compl. ¶¶ 125.
[12] *Id.*
[13] Compl. Prayer for Relief
[14] Plaintiffs Daniel and Rafael Blanco have an action pending against DialAmerica for the same   Data Incident and alleging similar categories of harm. *Blanco, et al. v. DialAmerica Marketing, Inc.*, Case No. 38-2022-00021920-CU-BC-CTL (Superior Court of California, County of San Diego). The plaintiffs in *Blanco* seek certification of a nationwide class and a California Subclass.

JAMS.  Although the case did not settle that day, after multiple calls with Judge Andersen, the Parties were able to reach an agreement on all the principal terms of settlement for this matter.

37.      Negotiations included a significant exchange of information, allowing both Parties to evaluate the strengths and weaknesses of Plaintiff's claims and Defendant's defenses.

38.      On December 9, 2022, the Parties filed a Joint Motion for Scheduling Order with the Court in which they informed the Court that they had agreed to settlement in principle and requested 60 days to finalize the settlement and file a motion for preliminary approval of class settlement.

39.      In response, on December 14, 2022, this Court ordered the parties to file the Motion for Preliminary Approval of a Class Settlement to which this declaration is attached, by February 8, 2023.

40.      The Parties have diligently negotiated, drafted, and finalized the settlement agreement, notice forms, and came to an agreement on a claims process and administrator.

41.      The Settlement Agreement ("Agr.") was finalized by the Parties in February 2023 and is attached to the motion for preliminary approval as **Exhibit 1**.

42.      It is my opinion, and the opinion of the other proposed settlement class counsel, based on our experience and investigation, that the Settlement Agreement presents a favorable result for the Class.

*Settlement Benefits*

43.      The Settlement Class is defined as: All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021. Agr. ¶ 1.29.

44.     The Settlement Class includes a subclass defined as: All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021, and who were residing in California between February 2, 2021 and July 9, 2021. Agr. ¶ 1.2.

45.     The Settlement Class specifically excludes: (i) DialAmerica and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads nolo contendere to any such charge. Agr. ¶ 1.29.

46.     The Settlement Class consists of approximately 213,840 individuals, approximately 7,345 of whom are members of the California Settlement Subclass. *See* Agr. Recitals.

47.     The Settlement negotiated on behalf of the Class provides for three separate forms of relief: (1) monetary relief; (2) identity-theft protection; and (3) equitable relief in the form of information cybersecurity enhancements. Agr. ¶ 2.

*Monetary Relief*

48.     The monetary relief provided for by the Settlement Agreement consists of (a) up to $600 of reimbursement of out of pocket expenses for Settlement Class Members who submit a valid claim; (b) compensation for up to five hours of lost time; (c) up to $6,000 in reimbursement for extraordinary losses incurred as the result of fraud or identity theft and (d) for California Settlement Subclass Members, a cash payment of $50 in recognition of their superior statutory claims. Agr. ¶ 2.

49.     Monetary relief is capped at no more than $1,300,000.

*Identity Theft Protections*

50.    All Settlement Class Members who submit a valid claim using the Claim Form (**Exhibit A** to this Settlement Agreement) are eligible to enroll in 24 months of free credit monitoring. Agr. ¶ 2.4.

51.    The retail value of this service is $8.96 per month, or $107.52 annually, or $215.04 per Settlement Class Member for the 24-months obtained in this settlement. *See* https://www.idx.us/consumer-plans. If a mere 2.5% of this Settlement Class claim this benefit, the value to the Class is $1,037.192.

*Cybersecurity Enhancements*

52.    In addition to the monetary relief and credit monitoring services provided, DialAmerica has agreed to implement and maintain certain cybersecurity and business practice enhancements after the Data Incident and due to this Settlement for a period of at least five years following the Effective Date.

53.    The enhancements and business practices are designed to maintain DialAmerica's security posture, to provide protection against threats now and in the future, specifically with respect to current and former employee PII. Agr. ¶ 2.5.

**Release**

54.    The release in this case is tailored to the claims that have been plead or could have been plead in this case. Agr. ¶ 6.

55.    Settlement Class Members who do not exclude themselves from the Settlement Agreement will release claims against Defendant and its affiliates related to the Data Incident and/or the recordkeeping or data security practices in place at the time of the Data Incident. Agr. ¶¶ 1.29, 6.

***Notice***

56.     The Parties agreed to use Angeion Group LLC ("Angeion") as the Notice Specialist and Claims Administrator in this case (the "Claims Administrator"). Agr. ¶ 1.5.

57.     Defendant has agreed to pay the costs of notice and settlement administration separate and apart from the funds available for Settlement Class Members.

58.     The current and agreed upon Notice Plan requires direct notice be provided by email and/or U.S. mail. Agr. ¶ 3.2.

59.     Within thirty (30) days of the date the Preliminary Approval Order is entered, the Claims Administrator will mail the Short Form Notice to each of the Settlement Class Members. *See* Agr. Ex. D.

60.     The Claims Administrator will also establish a dedicated settlement website and will maintain and update the website throughout the claim period, with the forms of Short Notice, Long Notice, and Claim Form approved by the Court, as well as the Settlement Agreement and relevant filings. *See* Agr. ¶ 3.3.

61.     The Claims Administrator will also make a toll-free help line available to provide Settlement Class Members with additional information about the Settlement and will establish a P.O. box for correspondence and claims. *Id*.; *see also* Agr. ¶ 3.2.

***Claims Process***

62.     The timing of the claims process is structured to ensure that all Class Members have adequate time to review the terms of the Settlement Agreement, compile documents supporting their claim, and decide whether they would like to opt-out or object.

63.     Class Members will have ninety (90) days after Notice is issued to complete and submit their Claim Form to the Claims Administrator, either by mail or online. Agr. ¶¶ 1.6, 2.1-3.

64.     The Claim Form, attached to the Settlement Agreement at Exhibit A, is written in plain language to facilitate Settlement Class Members' ease in completing it. *See* Agr. Ex. A.

65.     The Claim Form does not need to be notarized. Agr. ¶¶ 2.1-3.

66.     The Claims Administrator will be responsible for reviewing the Claim Forms and determining if they are complete and valid. Agr. ¶ 2.6.

67.     Should a claim be incomplete or lacking sufficient documentation, the Claims Administrator is required to reach out the claimant for supplementation. Agr. ¶¶ 2.6.2.

68.     Moreover, where a claim is denied, Settlement Class Members will have the opportunity to dispute their award pursuant to a dispute resolution process outlined in the Settlement Agreement. *See* Agr. ¶¶ 2.6.4-2.6.5.

### *Exclusions*

69.     Settlement Class Members will have up to and including sixty (60) days after the entry of the Preliminary Approval Order to exclude themselves from the Settlement. Agr. ¶ 1.19.

70.     To be excluded from the Settlement, Settlement Class Members must make their request in writing, and must clearly manifest their intent to be excluded from the class. Agr. ¶ 4.1.

71.     Any Member of the Settlement Class who elects to be excluded shall not (i) be bound by any order or the Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

### *Objections*

72.     Settlement Class Members will have up to and including sixty (60) days after entry of the Preliminary Approval to object to the Settlement. Agr. ¶ 1.18.

73.     Similar to the timing of the claims process, the timing with regard to objections is structured to give Settlement Class Members sufficient time to review the Settlement documents—including Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, which will be filed fourteen (14) days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement. Agr. Ex. D.

74.     Any Settlement Class Member who wishes to object shall submit a timely written notice of his or her objections to the Court by the objection date. Agr. ¶ 5.1.

75.     The objection to the Settlement Agreement must include: (i) the objector's full name and address; (ii) the case name and docket number - *Moure v. DialAmerica Marketing, Inc*., Case No. 3:22-cv-00625-OAW (D. Conn.); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. Agr. ¶ 5.1.

### *Service Award, Fees, and Costs*

76.     The Settlement Agreement calls for a reasonable service award to the Class Representatives in the amount of $2,000 each. Agr. ¶ 7.3.

77.     The Service Award is meant to compensate Class Representatives for their efforts on behalf of the Settlement Class, including maintaining contact with counsel, assisting in the investigation of the case, reviewing the Complaint, remaining available for consultation throughout settlement negotiations, reviewing the Settlement Agreement, and answering counsel's many questions.

78.     After agreeing to the terms of the settlement on behalf of the Class, counsel for Plaintiff Moure and the Blancos negotiated their fees and costs separate from the benefit to Class Members, in the amount of $600,000 for fees and costs combined. Agr. ¶ 7.2.

79.     Class Representatives' service awards, costs and fees are to be paid by DialAmerica outside of any funds available to Settlement Class members. Agr. ¶ 7.4.

80.     Class Counsel will submit a separate motion seeking attorneys' fees, costs, and Plaintiff's Service Award prior to filing the Motion for Final Approval of Class Action Settlement, and prior to Settlement Class Members' deadline to exclude themselves from or object to the Settlement Agreement.

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed in Chicago, Illinois. on this 7th day of February, 2023.

/s/ Gary M. Klinger

Gary M. Klinger (*admitted pro hac vice*)
**MILBERG    COLEMAN    BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

*Attorney for Plaintiffs and the Class*

# **<u>EXHIBIT A</u>**



# Who We Are

Established by members of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP, the firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights and have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar client service. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to leadership roles in prominent national mass torts and class actions.

*Milberg challenges corporate wrongdoing through class action, mass tort, consumer, and shareholder rights services, both domestically and globally.*

Milberg's previous litigation efforts helped to create a new era of corporate accountability that put big companies on notice. The strategic combination of four leading plaintiffs' firms offers clients expanded capabilities, greater geographical coverage, enhanced financial breadth, and increased operational capacity. It also enables the firm to serve diverse and global clients who are seeking to enforce their rights against well-financed corporations—wherever they operate.

**www.milberg.com**

# Practice Areas

**Antitrust & Competition Law**

Today, on a global scale, consolidated corporate entities exercise dominating market power, but proper enforcement of antitrust law ensures a fair, competitive marketplace. Milberg prosecutes complex antitrust class actions against large, well-funded corporate defendants in healthcare, technology, agriculture, and manufacturing. Our leading practitioners successfully represent plaintiffs affected by price-fixing, monopolization, monopoly leveraging tying arrangements, exclusive dealing, and refusals to deal. The firm continues aggressively vindicating rights of plaintiffs victimized by antitrust violations, holding companies accountable for anticompetitive behavior.

**Complex Litigation**

With 50 years of vetted success, Milberg handles complex, high-stakes cases at any stage of the litigation process. Our attorneys have experience litigating complex cases for business and plaintiffs outside of class action context, business torts, contract disputes, anti-SLAPP motions, corporations, LLCs, partnerships, real estate, and intellectual property. The repeated success of our attorneys against well-funded adversaries with top-tier counsel has established Milberg as the go-to firm for complex litigation.

**Consumer Products**

Milberg's consumer litigation group focuses on protecting victims of deceptive marketing and advertising of goods and services, or those who have bought defective products. Our attorneys are experienced in handling a wide array of consumer protection lawsuits, including breach of contract, failure to warn, false or deceptive advertising of goods and services, faulty, dangerous, or defective products, warranty claims, unfair trade practices, and notable product cases. Milberg has achieved real-world recoveries for clients, often requiring corporations to change the way they do business. Our team of attorneys has extensive experience representing plaintiffs against well-resourced and sophisticated defendants.

**Consumer Services**

Consumers have rights, and companies providing consumer services have a legal obligation to abide by contractual agreements made with customers. Companies must also follow state and federal laws that prohibit predatory, deceptive, and unscrupulous business practices. Milberg's Consumer Services litigation group protects consumers whose rights have been violated by improperly charged fees, predatory and discriminatory lending, illegal credit reporting practices, and invasion of privacy. We also enforce consumer rights by upholding The Fair Credit Reporting Act and Telephone Consumer Protection Act.

**Class Action Lawsuits**

Milberg pioneered federal class action litigation is recognized as a leader in defending the rights of victims of corporate and large-scale wrongdoings. We have the manpower, resources, technology, and experience necessary to provide effective representation in nationwide class action lawsuits. Our attorneys have led class actions resulting in settlements up to billions of dollars across a variety of practice areas, including defective consumer products, pharmaceutical drugs, insurance, securities, antitrust, environmental and toxic torts, consumer protection, and breach of contract.

**Dangerous Drugs & Devices**

For some patients, medication and medical devices improve their lives. For others, the drugs and equipment have questionable benefits, at best, and serious, unintended side effects at worst. Taking on drug and device makers requires a law firm that can stand up to the world's largest, most powerful companies. Our defective drug lawyers have held leadership roles in many national drug and device litigations, recovering billions of dollars in compensation.

**Data Breach, Cyber Security & Biometric Data Lawsuits**

Technology changes faster than laws regulate it. Staying ahead of legal technical issues requires a law firm that can see the full picture of innovation and apply past lessons to navigate fast-moving developments, putting consumers ahead of corporate interests. Our data breach and privacy lawyers work at the cutting edge of technology and law, creating meaningful checks and balances against technology and the companies that wield it. Cyber security threats continue evolving and posing new consumer risks. Milberg will be there every step of the way to protect consumer privacy and hold big companies account-able.

**Environmental and Toxic Torts Litigation**

Litigation is key in fighting to preserve healthy ecosystems and hold environmental lawbreakers accountable. But in today's globalized world, pollutants—and polluters—are not always local. Corporations have expanded their reach and ability to cause harm. Our environmental litigation practice focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. The companies involved in harmful environmental practices are large, wealthy, and globally influential, but as an internationally recognized plaintiffs' firm, Milberg has the strength and resources to present clients seeking to enforce their environmental rights against well-financed corporations—wherever they operation.

**Finance & Insurance Litigation**

Big banks and public insurance firms are obligated by their corporate charters to put shareholders' interests ahead of client interests. However, that doesn't mean they can deceive clients to profit at their expense. Milberg's attorneys handle hundreds of insur-ance-related disputes, including first party bad faith insurance cases, business interruption cases, and hurricane insurance cases. As one of the nation's stop class action law firms, we are well-positioned to pursue insurance bad faith cases on a statewide or nationwide basis.

**Public Client Representation**

The ability of governments to serve and protect their residents is often threatened by the combination of lower revenues and rising costs. Budget shortfalls are increasing in part because private companies externalize costs, but while corporate profits grow, public interest pays the price. Effectuating meaningful change through litigation, Milberg partners with state and local governments to address the harms facing its residents. Internationally, Milberg's Public Client Practice has achieved success against global powerhouse corporations, including drug, tobacco, mining, and oil and gas companies.

**Securities Litigation**

Over 50 years ago, Milberg pioneered litigation claims involving investment products, securities, and the banking industry by using class action lawsuits. Our litigation set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg continues to aggressively pursue these cases on behalf of institutional and individual investors harmed by financial wrongdoing. Inventors of securities class actions, Milberg has decades of experience holding companies accountable both in the United States and globally.

**Whistleblower & Qui Tam**

Blowing the whistle on illegal or unethical conducted is a form of legally protected speech. Milberg's whistleblower attorneys have led actions that returned hundreds of millions of dollars in ill-gotten gains, resulting in significant awards of our clients.Our legacy of standing up to corporate power extends to advocating for greater transparency. In addition to representing whistleblowers, we fight back against corporate-backed laws seeking to deter them from making disclosures.

*"Scoring **impressive victories** against companies guilty of outrageous behavior."*

- Forbes

*" A **powerhouse** that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers"*

- New York Times

# Recent Leadership Roles

In re **Google Play** Consumer Antitrust Litigation, 20-CV-05761 (N.D. Cal.)

In re: **Elmiron** (Pentosan Polysulfate Sodium) Products Liability Litigation MDL No. 2973

In re: **Johnson & Johnson** Talcum Powder Products Marketing, Sales Practices & Products Liability Litigation

In re: **Blackbaud** Data Privacy MDL No. 2972

In re: **Paragard** IUD Products Liability Litigation MDL No. 2974

In re: Seresto Flea & Tick Collar, Marketing Sales Practices & Product Liability Litigation MDL No. 3009,  Master Case No. 21-cv-04447

In re: **Zicam**
In re: **Ortho Evra**
In re: **Yaz**
In re: **Kugel Mesh**
In re: **Medtronic Sprint Fidelis Leads**
In re: **Depuy Pinnacle**
In re: **Stand 'N Seal**
In re: **Chantix**
In re: **Fosamax**
In re: **Mirena**
In re: **Incretin**
In re: **Depuy Pinnacle**
In re: **Fluoroquinolones**
In re: **Olmesartan**

In re: **Zimmer Nexgen Knee**
In re: **Fresenius Granuflo**
In re: **Propecia**
In re: **Transvaginal Mesh**
In re: **Guidant Corp.** Implantable Defibrillators
In re: **Onglyza (Saxagliptin) And Kombiglyze XR**

State Court:
In Re Risperdal & Invega Product Liability Cases, CA
In Re Chantix, NY
In Re Reglan, NJ
In Re Propecia, NJ
In Re Levaquin Litigation, NJ

# Notable Recoveries

**$3.2 Billion** Settlement – In re Tyco International Ltd., Securities Litigation, MDL 1335 (D.N.H.)

**$4 Billion** Settlement – In re Prudential Insurance Co. Sales Practice Litigation, No. 95-4704 (D.N.J.)

**$1.14 Billion** Settlement – In re Nortel Networks Corp. Securities Litigation, No. 01-1855 (S.D.N.Y.)

**$1 Billion-plus** Trial Verdict – Vivendi Universal, S.A. Securities Litigation

**$1 Billion** Settlement – NASDAQ Market-Makers Antitrust Litigation

**$1 Billion** Settlement – W.R. Grace & Co

**$1 Billion-plus** Settlement – Merck & Co., Inc. Securities Litigation

**$775 Million** Settlement – Washington Public Power Supply System Securities Litigation

# Locations

CHICAGO
227 W. Monroe Street Suite, Suite 2100
Chicago, Illinois 60606

NEW JERSEY
1 Bridge Plaza North, Suite 275
Fort Lee, New Jersey 07024

NEW YORK
100 Garden City Plaza
Garden City, New York 11530

NORTH CAROLINA
900 W. Morgan Street
Raleigh, North Carolina 27603

PUERTO RICO
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

SEATTLE
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

SOUTH CAROLINA
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

TENNESSEE
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

518 Monroe Street
Nashville, Tennessee 37208

WASHINGTON D.C.
5335 Wisconsin Avenue NW , Suite 440
Washington, D.C., 20015





**www.milberg.com**



Firm Resume

## FIRM PROFILE

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLP ("MILBERG") IS A LEADING GLOBAL PLAINTIFFS' FIRM, successfully pioneering and litigating complex litigations in the following practice areas: class actions, antitrust and competition law, securities fraud, consumer protection, cyber security and data breach litigation, financial and insurance litigation, environmental law, securities litigation, and product liability. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride themselves on providing stellar service and achieving extraordinary results for their clients.

Milberg was founded in 1965, taking the lead in landmark cases that have set groundbreaking legal precedents and prompted changes in corporate governance benefiting shareholders and consumers. For more than 50 years, the firm has protected victims' rights, recovering over $50 billion in verdicts and settlements. Milberg was one of the first law firms to prosecute class actions in federal courts on behalf of investors and consumers. The firm pioneered this type of litigation and became widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing.

Milberg has offices in Illinois, New York, California, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, Kentucky, Tennessee, Puerto Rico and Washington D.C. Recently, Milberg opened offices in London, Belguim and Germany that serve clients in the European Union. In addition, Milberg has expanded in South America, with primary emphasis in Brazil. Milberg has more than 100 attorneys worldwide.

The firm's reputation has been built by successfully taking on challenging cases across a spectrum of practice areas for the past half-century. From resolving business disputes to proving antitrust conspiracies, Milberg is equipped to handle complex, high-stakes cases at any stage of the litigation process.

The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, and Super Lawyers, among others.

## Notable Class Action Cases

### Antitrust

*In re: TFT-LCD (Flat Panel) Antitrust Litigation,* No. 3:07-cv-01827, MDL No. 1827 (N.D. Cal.) (combined settlement totaling nearly $1.1 billion in suit alleging the illegal formation of an international cartel to restrict competition in the LCD panel market) (2012).

### Apartment Fee

*Stewart v. Southwood Realty Company* (Cumberland Co., NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2020).

*Lewis et al. v. Bridge Property Management, LLC et al.* (Wake Co., NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2020).

*Hargrove v. Grubb Management, Inc. et al.* (Wake Co., NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2020).

*Rush v. The NRP Group LLC* (USDC MD NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2020).

*Hamilton v. Arcan Capital, LLC et al.* (Forsyth Co., NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Suarez v. Camden Development, Inc. et al.* (USDC ED NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Milroy et al. v. Bell Partners Inc. et al.* (USDC ED NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Davis v. RAM Partners, LLC* (USDC MD NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Hampton v. KPM et al.* (USDC WD NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Brogden v. Kenney Properties, Inc. et al.* (Wake Co., NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Williams v. Pegasus Residential, LLC* (USDC MD NC) (preliminary approval of settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Medina v. Westdale et al.* (USDC ED NC) (settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

*Talley et al. v. Lincoln Property Company* (USDC ED NC) (preliminary approval of settlement of class claims arising from apartment communities allegedly assessing improper eviction fees pending) (2021).

*McCord v. PRG Real Estate Mgmt, Inc. et al.* (USDC MD NC) (pending final approval of settlement of class claims arising from apartment communities allegedly assessing improper eviction fees) (2021).

## **Appliances**

*Ersler, et. al v. Toshiba America et. al*, No. 07- 2304 (D.N.J.) (settlement of claims arising from allegedly defective television lamps) (2009).

*Maytag Neptune Washing Machines* (class action settlement for owners of Maytag Neptune washing machines).

*Stalcup, et al. v. Thomson, Inc.* (Ill. Cir. Ct.) ($100 million class settlement of clams that certain GE, PROSCAN and RCA televisions may have been susceptible to temporary loss of audio when receiving broadcast data packages that were longer than reasonably anticipated or specified) (2004).

*Hurkes Harris Design Associates, Inc., et al. v. Fujitsu Computer Prods. of Am., Inc.* (settlement provides $42.5 million to pay claims of all consumers and other end users who bought certain Fujitsu Desktop 3.5" IDE hard disk drives) (2003).

*Turner v. General Electric Company*, No. 2:05-cv-00186 (M.D. Fla.) (national settlement of claims arising from allegedly defective refrigerators) (2006).

## Automobiles

*In re General Motors Corp. Speedometer Prods. Liability Litig.,* MDL 1896 (W.D. Wash.) (national settlement for repairs and reimbursement of repair costs incurred in connection with defective speedometers) (2007).

*Baugh v. The Goodyear Tire & Rubber Company* (class settlement of claims that Goodyear sold defective tires that are prone to tread separation when operated at highway speeds; Goodyear agreed to provide a combination of both monetary and non-monetary consideration to the Settlement Class in the form of an Enhanced Warranty Program and Rebate Program) (2002).

*Lubitz v. Daimler Chrysler Corp.,* No. L-4883-04 (Bergen Cty. Super. Ct, NJ 2006) (national settlement for repairs and reimbursement of repair costs incurred in connection with defective brake system; creation of $12 million fund; 7th largest judgment or settlement in New Jersey) (2007).

*Berman et al. v. General Motors LLC,* Case No. 2:18-cv-14371 (S.D. Fla.) (Co-Lead Counsel; national settlement for repairs and reimbursement of repair costs incurred in connection with Chevrolet Equinox excessive oil consumption).

## Civil Rights

*In re Black Farmers Discrimination Litigation*, Case No. 1:08-mc-00511 (D.D.C.) ($1.25 billion settlement fund for black farmers who alleged U.S. Department of Agriculture discriminated against them by denying farm loans) (2013).

*Bruce, et. al. v. County of Rensselaer et. al.,* Case No. 02-cv-0847 (N.D.N.Y.) (class settlement of claims that corrections officers and others employed at the Rensselaer County Jail (NY)

engaged in the practice of illegally strip searching all individuals charged with only misdemeanors or minor offenses) (2004).

## Commercial

*In re: Outer Banks Power Outage Litigation,* 4:17-cv-141 (E.D.N.C) (Co-Lead Counsel; $10.35 million settlement for residents, businesses, and vacationers on Hatteras and Ocracoke Islands who were impacted by a 9-day power outage) (2018)

## Construction Materials

*Cordes et al v. IPEX, Inc.*, No. 08-cv-02220-CMA-BNB (D. Colo.) (class action arising out of defective brass fittings; court-appointed member of Plaintiffs' Steering Committee) (2011).

*Elliott et al v. KB Home North Carolina Inc. et al* 08-cv-21190 (N.C. Super. Ct. Wake County) (Lead Counsel; class action settlement for those whose homes were constructed without a weather-resistant barrier)(2017)

*In re: Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2514 (D.S.C).(class action arising from allegedly defective windows; Court-appointed Co-Lead Counsel).

*In re MI Windows and Doors, Inc., Products Liability Litigation*, MDL No. 2333 (D.S.C) (National class action settlement for homeowners who purchased defective windows; Court-appointed Co-Lead Counsel).

*In re: Atlas Roofing Corporation Chalet Shingle Products Liability Litig.*, MDL No. 2495 (N.D. Ga.) (class action arising from allegedly defective shingles; Court-appointed Co-Lead Counsel).

*Helmer et al. v. Goodyear Tire & Rubber Co*., No. 12-cv-00685-RBJ (D. Colo. 2012) (class action arising from allegedly defective radiant heating systems; Colorado class certified, 2014 WL 3353264, July 9, 2014)).

*In re: Zurn Pex Plumbing Products Liability Litigation*, No. o:08-md-01958, MDL No. 1958 (D. Minn.) (class action arising from allegedly plumbing systems; member of Executive Committee; settlement) (2012).

*Hobbie, et al. v. RCR Holdings II, LLC, et al.*, No. 10-1113 , MDL No. 2047 (E.D. La.) ($30 million settlement for remediation of 364 unit residential high-rise constructed with Chinese drywall) (2012).

*In re: Chinese Manufactured Drywall Products Liability Litigation,* No. 2:09-md-02047, MDL No. 2047 (E.D. La.) (litigation arising out of defective drywall) (appointed Co-Chair, Insurance Committee) (2012).

*Galanti v. Goodyear Tire & Rubber Co*., No. 03-209 (D.N.J. 2003) (national settlement and creation of $330 million fund for payment to owners of homes with defective radiant heating systems) (2003).

*In re Synthetic Stucco Litig.,* Civ. Action No. 5:96-CV-287-BR(2) (E.D.N.C.) (member of Plaintiffs' Steering Committee; settlements with four EIFS Manufacturers for North Carolina homeowners valued at more than $50 million).

*In re Synthetic Stucco (EIFS) Prods. Liability Litig.,* MDL No. 1132 (E.D.N.C.) (represented over 100 individuals homeowners in lawsuits against homebuilders and EIFS manufacturers).

*Posey, et al. v. Dryvit Systems, Inc.,* Case No. 17,715-IV (Tenn. Cir. Ct) (Co-Lead Counsel; national class action settlement provided cash and repairs to more than 7,000 claimants) (2002).

*Sutton, et al. v. The Federal Materials Company, Inc., et al*, No. 07-CI-00007 (Ky. Cir. Ct) (Co-Lead Counsel; $10.1 million class settlement for owners of residential and commercial properties constructed with defective concrete).

*Staton v. IMI South, et al.* (Ky. Cir. Ct.) ((Co-Lead Counsel; class settlement for approximately $30 million for repair and purchase of houses built with defective concrete).

*In re Elk Cross Timbers Decking Marketing, Sales Practices and Products Liability Litigation*, No. 15-cv-0018, MDL No. 2577 (D.N.J.) (Lead Counsel; national settlement to homeowners who purchased defective GAF decking and railings).

*Bridget Smith v. Floor and Decor Outlets of America, Inc*., No. 1:15-cv-4316 (N.D. Ga.) (Co-Lead Counsel; National class action settlement for homeowners who purchased unsafe laminate wood flooring).

*In re Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation* MDL No. 1:15-md-2627 (E.D.Va.) (Formaldehyde case; $36 million national class action settlement for member who purchased a certain type of laminate flooring).

*In re Lumber Liquidators Chinese-Manufactured Laminate Flooring Durability Marketing, Sales Practices Litigation* MDL No. 1:16-md-2743 (E.D.Va.) (Co-Lead Counsel; Durability case; $36 million national class action settlement for member who purchased a certain type of laminate flooring).

*In re Windsor Wood Clad Window Products Liability Litigation* MDL No. 2:16-md-02688 (E.D. Wis.) (National class action settlement for homeowners who purchased defective windows; Court-appointed Lead Counsel).

*In re Allura Fiber Cement Siding Products Liability Litigation* MDL No. 2:19-md-02886 (D.S.C.) (class action arising from allegedly defective cement board siding; Court-appointed Lead Counsel).

## Environmental

*Nnadili, et al. v. Chevron U.S.A., Inc*, No. 02-cv-1620 (D.D.C.) ($6.2 million settlement for owners and residents of 200 properties located above underground plume of petroleum from former Chevron gas station) (2008).

## Fair Labor Standards Act/Wage and Hour

*Craig v. Rite Aid Corporation*, Civil No. 08-2317 (M.D. Pa.) (FLSA collective action and class action settled for $20.9 million) (2013).

*Stillman v. Staples, Inc.,* Civil No. 07-849 (D.N.J. 2009) (FLSA collective action, plaintiffs' trial verdict for $2.5 million; national settlement approved for $42 million) (2010).

*Lew v. Pizza Hut of Maryland, Inc.*, Civil No. CBB-09-CV-3162 (D. Md.) (FLSA collective action, statewide settlement for managers-in-training and assistant managers, providing recompense of 100% of lost wages) (2011).

## Financial

*Roberts v. Fleet Bank (R.I.), N.A.*, Civil Action No. 00-6142 (E. D. Pa.) ($4 million dollar settlement on claims that Fleet changed the interest rate on consumers' credit cards which had been advertised as "fixed.") (2003).

*Penobscot Indian Nation et al v United States Department of Housing and Urban Development*, N. 07-1282 (PLF) (D.D.C. 2008) (represented charitable organization which successfully challenged regulation barring certain kinds of down-payment assistance; Court held that HUD's promulgation of rule violated the Administrative Procedure Act) (2008).

## Impact Fees

*Town of Holly Springs,* No. 17-cvs-6244, 17-cvs-6245, 18-cvs-1373 (Wake Co., NC) (Court appointed Class Counsel; Class action settlement with a $7.9 million fund for builders and developers to recover improper capacity replacement and transportation fees paid to the town) (2019).

*Larry Shaheen v. City of Belmont,* No. 17-cvs-394 (Gaston Co., NC) (Court appointed Class Counsel; Class action settlement with a $1.65 million fund for builders and developers to recover improper capacity replacement and transportation fees paid to the city) (2019).

*Upright Builders Inc. et al. v. Town of Apex,* No. 18-cvs-3720 & 18-cvs-4384, (Wake Co., NC) (Court appointed Class Counsel; Class action settlement with a $15.3 million fund for builders and developers to recover improper capacity replacement and transportation paid fees to the town) (2019).

*Mayfair Partners, LLC et al. v. City of Asheville,* No. 18-cvs-04870 (Buncombe County) (Court appointed Class Counsel; Class action settlement with a $1,850,000 million fund for builders and developers to recover improper impact fees paid to the city) (2020).

*Shenandoah Homes, LLC v. Town of Clayton*, No. 19-cvs-640 (Johnston County) (Court appointed Class Counsel; Class action settlement with a $2.7 million fund for builders and developers to recover improper impact fees paid to the town) (2020).

*Brookline Homes LLC v. City of Mount Holly*, Gaston County file no. 19-cvs-1163 (Gaston County) (Court appointed Class Counsel; Class action settlement with a $483,468 fund for builders and developers to recover improper impact fees paid to the city) (2020).

*Eastwood Construction, LLC et. al v. City of Monroe*, Union County file nos. 18-CVS-2692 (Union County) (Court appointed Class Counsel; Class action settlement with a $1,750,000 million fund for builders and developers to recover improper impact fees paid to the city) (2020).

**Insurance**

*Young, et al. v. Nationwide Mut. Ins. Co, et al.*, No. 11-5015 (E.D. Ky.) (series of class actions against multiple insurance companies arising from unlawful collection of local taxes on premium payments; class certified and affirmed on appeal, 693 F.3d 532 (6th Cir., 2012); settlements with all defendants for 100% refund of taxes collected) (2014).

*Nichols v. Progressive Direct Insurance Co., et al.*, No. 2:06cv146 (E.D. Ky.) (Class Counsel; class action arising from unlawful taxation of insurance premiums; statewide settlement with Safe Auto Insurance Company and creation of $2 million Settlement Fund; statewide settlement with Hartford Insurance Company and tax refunds of $1.75 million) (2012).

**Privacy/Data Breach**

*Baksh v. Ivy Rehab Network, Inc.*, Case No. 7:20-cv-01845-CS (S.D. N.Y.) (class counsel in a data breach class action settlement; final approval granted).

*In re: GE/CBPS Data Breach Litigation*, 1:2020-cv-02903, Doc. 35 (S.D.N.Y.) (appointed co-lead counsel in nationwide class action).

*Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (E.D. Mo.) (appointed class counsel; final approval granted);

*Chatelain et al. v. C, L and W PLLC d/b/a Affordacare Urgent Care Clinics*, Case No. 50742-A (42nd District Court for Taylor County, Texas) (appointed class counsel; settlement valued at over $7 million; final approval granted).

*Bailey v. Grays Harbor County Public Hospital District et al.*, Case No. 20-2-00217-14 (Grays Harbor County Superior Court, State of Washington) (appointed class counsel in hospital data breach class action involving approximately 88,000 people; final approval granted Septem 2020).

*Nelson, et al. v. Idaho Central Credit Union*, No. CV03-20-00831 (Bannock County, Idaho) (appointed co-lead counsel in data breach class action involving 17,000 class members; granted final approval of settlement valued at $3.3 million).

*In Re: Canon U.S.A. Data Breach Litigation*, Master File No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.) (appointed co-lead counsel).

*Richardson v. Overlake Hospital Medical Center et al.*, Case No. 20-2-07460-8 SEA (King County Superior Court, State of Washington (appointed class counsel in data breach case; final approval granted September 2021).

*Kenney et al. v. Centerstone of America, Inc. et al.*, Case No. 3:20-cv-01007-EJR (M.D. Tenn.) (appointed lead class counsel; final approval of $1.5 million settlement granted August 9, 2021).

*Jackson-Battle v. Navicent Health, Inc.,* Civil Action No. 2020-CV-072287 (Superior Court of Bibb County, Georgia) (appointed class counsel in data breach case involving 360,000 patients; final approval granted Aug. 2021);

*Suren et al. v. DSV Solutions, LLC*, Case No. 2021CH000037 (Circuit Court for the Eighteenth Judicial Circuit of DuPage County, Illinois) (appointed Settlement Class Counsel, final approval granted September 27, 2021).

*Chacon v. Nebraska Medicine*, Case No. 8:21-cv-00070-RFR-CRZ (D. Neb.) (appointed class counsel in data breach settlement, final approval granted September 2021);

*Aguallo et al v. Kemper Corporation et al.,* Case No. 1:21-cv-01883 (N.D. Ill.) (appointed Co-lead Counsel, final approval granted of $17.1 million class settlement).

*Martinez et al. v. NCH Healthcare System, Inc.*, Case No. 2020-CA-000996 (Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida) (appointed Settlement Class Counsel; final approval granted).

*Carr et al. v. Beaumont Health et al.*, Case No. 2020-181002-NZ (Circuit Court for the County of Oakland, Michigan) (appointed co-class counsel in data breach case involving 112,000 people; final approval granted October 2021).

*Klemm et al. v. Maryland Health Enterprises, Inc. D/B/A Lorien Health Services,* C-03-CV-20-002899 (Circuit Court for Baltimore County, Maryland) (appointed Settlement Class Counsel, preliminary approval granted November 2021).

*Cece et al. v. St. Mary's Health Care System, Inc. et al.*, Civil Action No. SU20CV0500 (Superior Court of Athens-Clarke County, Georgia) (appointed Settlement Class Counsel in data breach case involving 55,652 people; final approval granted April 2022).

*In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.) (appointed co-lead counsel in data breach involving over 1 million persons; preliminary approval of $4.35 million settlement granted January 2022).

*In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.) (appointed co-lead counsel in data breach case involving over 2.4 million class members; preliminary approval of $4.75 million settlement granted February 2022).

*In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.) (appointed co-lead counsel in data breach case involving over 3 million class members).

*Heath v. Insurance Technologies Corp*., No. 21-cv-01444 (N.D. Tex.) ($11 million settlement for a major data breach involving more than 4 million consumers).

*Powers, Sanger et al v. Filters Fast LLC*, Case 3:20-cv-00982-jdp (appointed co-lead Settlement Class Counsel; preliminary approval granted November 2021).

*Garcia v. Home Medical Equipment Specialists, LLC*, Case No. D-202-cv-2021-06846 (appointed class counsel; final approval granted June 2022).

*Baldwin et al. v. National Western life Insurance Company*, Case No. 2:21-cv-04066 (W.D. Mo.) (appointed co-class counsel; final approval granted June 2022 in settlement valued at approximately $4.4 million).

*Hashemi, et. al. v. Bosley, Inc*., Case No. 21-cv-00946-PSG (RAOx) (C.D. CA) (appointed co-class counsel; preliminary approval granted February 2022).

*In re: Blaukbaud, Inc. Customer Data Security Breach Litigation* (MDL 2972) (Milberg attorneys appointed co-lead counsel).

*Paras, et al v. Dental Care Alliance, LLC*, Case No. 22EV000181 (Ga. State Court Fulton Cnty.); (appointed co-lead class counsel; preliminary approval granted April 2022).

*Hough v. Navistar, Inc.,* Case No.: 2021L001161 (Circuit Court for the Eighteenth Judicial Circuit, Dupage County, Illinois); (appointed co-lead class counsel; final approval granted May 2022).

*Purvis, et al v. Aveanna Healthcare, LLC*, Case No. 1:20-cv-02277-LMM (N.D. Ga.) (appointed class counsel; preliminary approval granted June 2022).

*Clark v. Mercy Hospital, et al*, Case No. CVCV082275 (Iowa Dist. Crt, Johnson Cnty.) (appointed class counsel; preliminary approval granted February 2022).

*Myschka, et al v. Wolfe Clinic, P.C. d/b/a Wolfe Eye Clinic*, (Iowa Dist. Crt., Marshall Cnty.) (appointed class counsel; final approval granted June 2022).

*Devine, et al v. Health Aid of Ohio, Inc.*, (Ohio Court of Common Pleas, Cuyahoga Cnty.) (appointed class counsel; preliminary approval granted March 2022).

*James v. CohnReznick LLP,* Case No. 1:21-cv-06544 (S.D.N.Y.), (appointed as co-class counsel; preliminary approval granted May 2022).

*Davidson v. Healthgrades Operating Company, Inc.*, Case No. 1:21-cv-01250-RBJ (D. Colo.), (appointed class counsel; preliminary approval granted April 2022).

Milberg Firm Resume
Page 11 of 11

*Bodie v. Capitol Wholesale Meats, Inc.,* Case No. 2022CH000020 (Ill. 18th Jud. Cir. Crt., DuPage Cnty.) (appointed class counsel; preliminary approval granted March 2022).

*Culp v. Bella Elevator LLC*, Case No. 2021-CH-00014 (Ill. 10th Jud. Cir. Crt., Peoria Cnty.) (appointed class counsel; final approval granted May 2022).