UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLEN MOURE, individually and on behalf of all others similarly situated,<br>*Plaintiff*,<br><br>v.<br><br>DIALAMERICA MARKETING, INC.,<br>*Defendant*. | )<br>)<br>)  Case No. 3:22-cv-625 (OAW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## RULING ON PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

**THIS ACTION** is before the court upon Plaintiff's Motion for Preliminary Approval of Class Action Settlement. ECF No. 41. This motion is uncontested. For the reasons discussed herein, the motion is **GRANTED**.

I.  **BACKGROUND**

   A.  **Procedural Background**

Plaintiff Allen Moure filed the initial class action on May 3, 2022, alleging that Defendant DialAmerica had been subject to a data breach and that, consequently, personally identifiable information ("PII") of he and others similarly situated had been jeopardized. Compl. ¶¶ 1,2, ECF No. 1. Under these allegations, Plaintiff claimed that Defendant had violated, among others, § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.*, which requires that corporate entities such as Defendant, take reasonable measures to protect PII.

Defendant DialAmerica Marketing is a telemarketing and call center outsourcing service provider headquartered in New Jersey. *See* Mem. in Supp. of Pl.'s Unopposed

1

Mot. for Prelim. Approval of Class Action Settlement 2, ECF No. 41-1 [hereinafter "Pl.'s Mot.]. DialAmerica Marketing's data breach was due to a cyberattack which occurred in 2021. *Id.* Due to this data breach, 213,840 individuals had their PII potential impacted. *Id.* at 3. Of the 213,840 individuals, approximately 7,345 were residents of California. *Id.* In the State of California, there is another class action currently pending in *Blanco et al v. DialAmerica Marketing, Inc.*,[1] in which California-based plaintiffs brought suit against Defendant, alleging similar factual and legal claims. *Id.*

On July 11, 2022, Defendant responded to Plaintiff's complaint by filing a motion to dismiss, arguing that the court lacked personal and subject matter jurisdiction over this action. *See generally* Mot. to Dismiss, ECF No. 18. Before the court could issue a ruling on Defendant's motion, the parties filed a joint stipulation, in which parties not only notified the court of a "settlement agreement in principle" but also requested approval of an updated scheduling order. *See* Joint Stipulation, ECF No. 35. In approving the parties' joint motion for a scheduling order, the court instructed the parties to submit a motion for preliminary approval of class action settlement. *See* Order, ECF No. 36.

Starting November 2, 2022, counsel for Plaintiff Moure, Daniel Blanco, Rafael Blanco,[2] and counsel for Defendant engaged in mediation with the Honorable Wayne R. Anderson of JAMS Mediation. After multiple discussions, the parties were able to agree on all the principal terms of the settlement. *Id.* The Settlement Agreement (the "Agreement") was finalized on February 7, 2023. *Id.* at 5. The settlement agreement aims to resolve cases brought by both Moure and Blanco.

---

[1] No. 38-2022-00021920-CU-BC-CTL (Super Ct.).
[2] Daniel and Rafael Blanco are the named plaintiffs in the case that commenced in California.

On February 8, 2023, the parties submitted the instant motion for preliminary approval of settlement.  *See* ECF No. 41.  In the motion, the parties ask the court to:

1. Approve the preliminary terms of the settlement (particularly, the current terms of the settlement agreement); the content and structure of the claim for short form notice and long form notice; the preliminary approval order and the proposed final approval order;

2. Certify the settlement class;

3. Appoint representatives of the class;

4. Appoint class counsel;

5. Approve the proposed forms of notice;

6. Appoint a notice specialist and claims administrator; and

7.  Set a hearing date and schedule for a final approval of the settlement and consideration of the counsels' motion for award of fees, costs, expenses, and service awards.

B. **Terms of Settlement**

The Agreement broadly consists of three separate forms of relief: (1) monetary relief capped at $1,300,000.00 ($1.3 million), (2) credit monitoring and identity theft protection services for certain members of the settlement class, and (3) cybersecurity enhancements to be implemented within DialAmerica.  *See* Pl.'s Mot. 5.  The Agreement also states that counsel for the settlement class will file a separate motion for attorneys' fees and related service rewards.

1. *Monetary Relief*

Pursuant to the Agreement, members of the settlement class who submit a valid claim may receive up to $600 (six hundred dollars) for "reimbursement of ordinary expenses incurred as a result of the data breach."[3]  *Id.* at 6.  In addition to the $600, those members of the settlement class who "submit a valid claim" may receive compensation at $15 per hour up to five (5) hours spent dealing with the data breach.  *Id.*

Separately, members of the settlement class who have "suffered a proven monetary loss . . . who submit a Valid Claim" are eligible of up to $6,000 (six thousand dollars) of compensation if: (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was more likely than not caused by the data breach; (3) the loss occurred between February 2, 2021, and the deadline for filing claims; (4) the loss is not already covered within other out-of-pocket expense categories; and (5) the member of the settlement class made "reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance."  *Id.*

In addition, members of the California Settlement Subclass are eligible for a California statutory damages award in the amount of $50 (fifty dollars) each.  *Id.*

---

[3] Such expenses include bank fees, long distance phone charges, cell phone charges, data charges postage, or gasoline for local travel, fees for credit reports, credit monitoring, or other identity theft insurance product purchased between February 2, 2021, and the Claims deadline.  *Mem. in Supp. of Pl.'s Unopposed Mot. for Prelim. Approval of Class Action Settlement* 6, ECF No. 41-1 [hereinafter "Pl.'s Mot."].

2. *Credit Monitoring and Identity Theft Protection*

Each member of the settlement class is eligible to claim two years of credit monitoring services through IDX.[4] Monitoring service includes "single bureau credit monitoring, dark web monitoring, [$1,000,000 (one million dollars)] of reimbursement insurance, fully managed identity recovery, and lost wallet assistance." *Id.* at 7.

3. *Data Security Enhancement*

For a period of at least five years, Defendant DialAmerica agrees to maintain certain cybersecurity and business practice enhancements. These enhancements "are designed to maintain DialAmerica's security posture, to provide protection against threats" and therefore constitute a benefit for the members of the settlement class. *Id.*

4. *Attorneys' Fees*

As a separate matter, this instant motion indicates that Plaintiff will seek this court's approval of attorneys' fees and costs which, combined, add up to $600,000. *See* Pl.'s Mot. 26. Additionally, the named plaintiff, if approved as representatives for the class, will receive an additional amount of $2,000 as their service award. *Id.*

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 23(e) states that "[t]he claims, issues, or defense of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Before looking to whether the settlement is fair or equitable, the court first must ensure that the

---

[4] IDX describes itself as a "provider of breach response services." About, IDX https://www.idx.us/#about [https://perma.cc/9TAW-89XL] (last visited Dec. 1, 2023).

settlement class, as defined by the parties, can be certified under Rule 23(a) and (b). *See Edwards v. N.A. Power & Gas LLC*, No. 3:14-cv-01714(VAB), 2018 WL 1582509, at *4 (D. Conn. Mar. 30, 2018) (citing to *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 349 (E.D.N.Y. 2006) and *Denney v. Deutsch Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006)).

Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable); (2) commonality ('question of law or fact common to the class'); (3) typicality (named parties' claims or defense 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interest of the class')." *AmChem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (quoting Fed. R. Civ. P. 23(a)). "In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id.* at 614.

"These requirements apply equally to 'conditional certification of a class for settlement purposes.'" *Edwards*, 2018 WL 15822509, at *4 (citing *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009) and *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y. 2006)). "When a court is asked to certify a class and approve its settlement in one proceeding, the Rule 23(a) requirements designed to protect absent class members 'demand undiluted, even heightened, attention." *In re Literary Works in the Elec. Databases Copyright Litig.*, 654 F.3d 242, 249 (2d Cir. 2011) (quoting *Amchem Prods., Inc.*, 521 U.S. at 621).

When looking to the settlement agreement, "[p]reliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a

full-scale hearing as to its fairness.'" *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980)). "As such, it 'is appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . ., and where the settlement appears to fall within the range of possible approval.'" *Id.* (citing *Reade-Alvarez*, 237 F.R.D. at 33 (E.D.N.Y. 2006)).

### III. DISCUSSION

#### A. Certification of Settlement Class

The parties seek settlement of a class which they define as follows:

> All persons whose full name and other personally identifying information and/or protected health information was potentially accessed during the data security incident that occurred in July 2021. The Settlement Class specifically excludes: (i) DialAmerica and its respective officers and directors; (ii) all members of the Settlement Class who timely and validly request exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleas *nolo contendere* to any such charge.

Pl.'s Mot. 5.

Finding that it satisfies all the requirements, the court certifies, for settlement purposes only, the proposed class.

The settlement class satisfies the numerosity requirement. With over 220,000 members identified in the settlement class joinders for each member would be "impracticable." Fed. R. Civ. P. 23(a)(1); *see Menkes*, 270 F.R.D. at 90 (finding that a class of "1,208 separate names" was sufficient for the numerosity requirement).

The settlement class also satisfies the commonality requirement. While the settlement class spans across different states, there exist a "common contention" applicable to the entire class: whether Defendant was negligent in implementing data security measures. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); *see* Fed. R. Civ. P. 23(a)(2) (requiring "questions of law or fact common to the class").

Likewise, the settlement class satisfies the typicality requirement. All three representatives are members of the settlement class and allege to have been suffered the same injury "by the same conduct as the class more broadly." *Simerlein v. Toyota Motor Corp.*, No. 3:17-cv-1091(VAB), 2019 WL 1435055, at *12 (D. Conn. Jan. 14, 2019). Additionally, the class representatives and members "share corresponding legal theories" and will stand to "receive the same benefits" as one another. *Id.*

Finally, the settlement class satisfies the adequate representation requirement because "the named plaintiffs 'have an interest in vigorously pursuing the claims of the class,' and there is no evidence that their interests are 'antagonistic to the interest of other class members.'" *Ahlquist v. Bimbo Food Bakeries Distrib., Inc.*, No. 3:12-cv-1272(SRU), 2013 WL 12289910, at *2 (D. Conn. Jan. 18, 2013) (citing *Denny v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)).

Looking now to requirements of Federal Rule 23(b), the court finds that the predominance requirement has been satisfied because "the questions of . . . fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Martinez v. Avantus, LLC*, 343 F.R.D. 254, 266–67 (D. Conn. 2023) (quoting *Amchem*

8

Prods., Inc., 521 U.S. at 623). "Although similar to commonality, predominance is more demanding and requires not only that there be disputed issue that can be resolved through generalized proof, but also that these particular issues are more substantial than the issues subject only to individualized proof." *Id.* (citing *Damassia v. Duane Read, Inc.*, 250 F.R.D. 152, 159 (S.D.N.Y. 2008)). The parties argue that the "predominant question" in this case is whether Defendant was negligent in protecting personal information. The court finds that the resolution of this question, which qualifies each class member's case as a genuine controversy, "can be achieved through generalized proof." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013); *cf. Martinez*, 343 F.R.D. at 267 (ruling that whether defendant has violated the Fair Credit Reporting Act and whether that violation was willful "can be solved through generalized proof"). The court also finds that the predominant question presents an issue which is more substantial than the issues subject only to individualized proof. *See Martinez*, 343 F.R.D. at 267. Moreover, given the sheer number of class members as well as sufficiency of generalized proof, the court finds that class adjudication is superior to individual adjudication. *Ahlquist*, 2013 WL 12289910, at *2.

### B. Appointment of Class Counsel

Consistent with the findings stated above, the court appoints Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Terence R. Coates of Markovits, Stock & Demarco, LLC, and William B Federman of Federman and Sherwood as class counsels.

C. **Appointment of Class Representatives**

Consistent with the findings above, the court appoints Allen Moure, Daniel Blanco, and Rafael Blanco has class representatives.

D. **Preliminary Approval of the Terms of the Settlement**

Courts of this district have characterized preliminary approval of class action settlement as one of determining whether there is "'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Menkes*, 270 F.R.D. at 101. This review has both procedural and substantive components. *See Simerlein*, 2019 WL 1435055, at *13 (citing to 4 Newberg on Class Actions § 13:13).

First, the Settlement Agreement satisfies the procedural requirement. *See Menkes*, 270 F.R.D. at 101; *Simerlein*, 2019 WL 1435055, at *13. The court finds that the terms of the Agreement represent arms' length negotiations between capable counsel who were experienced and knowledgeable in complex class litigation. Moreover, the court notes that the Settlement Agreement was the result of formal mediation and subsequent negotiation, conducted by Judge Wayne R. Anderson. *See* Pl.'s Mot. 23. The court is not aware of any evidence that might suggest that the negotiations were collusive among the parties.

Second, the substantive element is also satisfied. *See Edwards*, 2018 WL 1582509, at *8 (D. Conn. Mar. 30, 2018) (citing to 4 Newberg on Class Actions § 13:14). The court may consider factors such as the percentage of the class's potential recovery at trial, the likelihood of prevailing, the complexity and costs of trial, and the capacity for the defendant to withstand a larger judgment at the final stage of approval. *See* 4 Newberg on Class Actions § 13:15. The factor most glaringly in favor of preliminary

approval is the complexity and cost of trial. With such a large class, not only would it be impractical to join every member, but the cost of litigating such a trial would be significant. As the motion states, data breaches such as this deal with "rapidly evolving law" and the possibility of this going to trial, let alone the likelihood of prevailing, is uncertain. Pl.'s Mot. 25. Even with such uncertainty, however, the court finds that the Agreement provides an efficient resolution to the members of the class. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir 2005) (listing the *Grinnell* factors identified in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 454 (2d Cir. 1974)). For starters, the type of relief provided by the Settlement Agreement are the kind of relief that Plaintiff sought: 1) injunctive relief to prevent breaches from happening in the future; and 2) award of damages to account for plaintiff's injuries. *See* Compl. 31–34, ECF No. 1; *see Simerlein*, 2019 WL 143555, at *13 (weighing in favor of approval, the fact that relief proposed in the settlement was the kind sought by plaintiff from the outset). Although "formal discovery" has not begun, Pl.'s Mot. 25, the court finds that the settlement discussion reflects the kind of "extensive exchange of documents and other information" which the United States Court of Appeals for the Second Circuit found sufficient in approving settlement agreements. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 87 (2d Cir. 2007). Considering these factors, the court finds the terms of be reasonable, such that the Agreement may be submitted to the entire class.

### E. Forms of Notice

Federal Rule 23(e)(1)(B) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."

Finding it to be the "best notice that is practicable under the circumstances," the court approves the methods of notice proposed by the Plaintiff. Fed. R. Civ. P. 23(c)(2)(B) In approving the notice method, the court also approves the parties' use of Angeion Group LLC as the Notice Specialist and Claims Administrator of the case, as well as the notice and claims forms proposed by the parties. *See* Claim Form, Ex. A, ECF No. 41-2; Notice Form Ex. B, ECF No. 41-2; Notice of Proposed Settlement, Ex. C, ECF No. 41-3. Plaintiff has proposed, absent Defendant's objection, a plan that allows for individual notice to class members through email and postal mail. *See* Pl.'s Mot. 8. The motion also indicates that the Claims Administrator will publish a separate website from which class members may obtain copies of the forms and additional information regarding the case. *See id.*; *see also Wal-Mart Stores*, 396 F.3d at 114 (requiring settlement notice to "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceeding").

This proposed form of notice is reasonably calculated to apprise the class members of the pendency of this action, as well as the terms of the proposed Settlement Agreement, as well as each class member's rights under the proposed settlement. The court finds that this methodology allows adequate notice to the class members and provides an adequate opportunity for any prospective class member to exclude themselves or opt out of the process.

### F. Issuance of Notice

Consistent with the Settlement Agreement, within ten (10) days after the filing of the motion to permit issuance of the notice, the Claims Administrator shall have served or shall have caused to be served a notice of the proposed settlement on appropriate

state officials in accordance with the requirements of Class Action Fairness Act.  See 28 U.S.C. § 1715 *et seq*.

Within fourteen (14) days of the issuance of this ruling, Defendant shall provide the class list to the Claims Administrator.

The notice deadline for the Claims Administrator to start sending summary notice shall be within thirty (30) days after the issuance of this order, and shall be completed within forty-five (45) days of this order's issuance.

### G. Exclusion and Opt-Out Procedure

Consistent with the terms of the Settlement Agreement, any class member who wishes to be excluded from the class must mail a written opt-out Request for Exclusion to the Claims Administrator at the address in manner provided in the Notice.  Such opt-out requests must be submitted within the deadline established by this order and stated in the notice.

For a request for exclusion to be properly executed, it must be in writing and must state the name, address, and phone number of the person seeking exclusion.  Each request also must contain a signed statement to the following effect: "I request to be excluded from the Settlement Class in the DialAmerica lawsuit."

Within seven (7) days after the Opt-Out Deadline, the Claims Administrator shall provide the settling parties with a complete and final list of all opt-outs who have timely and validly excluded themselves from the settlement class and, upon request, with copies of all completed requests for exclusions.

If the final judgment and order of dismissal is entered, any settlement class member who has not submitted a timely, valid written opt-out request for exclusion from

the settlement class shall be bound by all subsequent proceedings, orders, and judgment in this litigation, including, but not limited to, the release set forth in the final judgment and order of dismissal. Settlement class members who submit valid and timely opt-out requests for exclusion shall not be entitled to receive any benefits from the settlement.

### H. Objections and Appearances

A settlement class member who does not file a valid and timely request for exclusion may still file with the court a notice of intent to object to the Class Settlement Agreement. The long notice shall instruct settlement class members who wish to object to the Settlement Agreement to file their objections with the court, and to mail copies to counsel for both the settlement class and for DialAmerica. The notice shall make clear that the court can only approve or deny the Class Settlement Agreement and cannot change the terms. The notice shall advise the settlement class members of the deadline for submission of any objections. Any such notices of an intent to object to the Class Settlement Agreement must be written and must include each of the following: (i) the title of the case; (ii) the settlement class member's name, address, and telephone number; (iii) all legal and factual bases for the objection; and (iv) copies of any documents that the settlement class member would want the court to consider. Should the settlement class member wish to appear at the final approval hearing, the member must so state and must identify any documents or witnesses the settlement class member intends to call on their behalf. In order to be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the objection deadline established below.

Any settlement class member who fails to comply with the provisions in this order will waive and forfeit any and all rights they may have to object, they will have their

14

objections stricken from the record, and they will lose their rights to appeal from approval of the settlement.  Any such settlement class member also shall be bound by all subsequent proceedings, orders, and judgments in this litigation, including but not limited to the release set forth in the final judgment and order of dismissal if entered.

### I. Claims Process

The court preliminarily approves the process created by counsel for the settlement class and Defendant, by which settlement class members may claim benefits under this Settlement Agreement.  The court directs the Claims Administrator to make the claim form or its equivalent available to the settlement class members in the manner described in the notice.

The Claims Administrator shall be responsible for effectuating the claims process.

Settlement class members who qualify for and who wish to submit a claim form shall do so in accordance with the requirement and procedures specified in the notice and claim form.  If the final judgment and order of dismissal is entered, all settlement class members who qualify for any benefit under the settlement but who fail to submit a claim in accordance with the requirements and procedures specified in the notice and claim form shall be forever barred from receiving any such benefit, but in all other respects will be subject to and bound by the provisions in the final judgment and order of dismissal, including the release.

### J. Termination of Settlement

This order shall become null and void, without prejudice to the rights of the parties (all of whom shall be restored to their respective positions existing prior to the court entering this order, and before they entered the settlement agreement) if: (a) the

settlement is not finally approved by the court or is terminated in accordance with the Settlement Agreement; (b) there is no Effective Date, as defined in ¶ 1.12 of the Settlement Agreement; or (c) the number of opt-outs is greater than 250 individuals. In such event, the settlement and the Settlement Agreement shall become null and void and shall be of no further force and effect, and neither the Settlement Agreement nor the court's orders relating to the settlement (including this order) shall be used or referred to for any purpose whatsoever.

### K. Effect of the Order

This order shall be of no force or effect if the final judgment and order of dismissal is not entered, or if there is no Effective Date, as defined in ¶ 1.12 of the Settlement Agreement, and it shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this order be construed or used as an admission, concession, or declaration by or against the representative plaintiffs or any other settlement class members that their claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this litigation or in any other lawsuit.

### L. Stay of Litigation

All proceedings in the litigation other than those related to approval of the class settlement agreement hereby are stayed. Further, any actions brought by settlement class members concerning the released claims hereby are enjoined and stayed pending final approval of the Class Settlement Agreement.

### M. Other Deadlines

Motions for attorneys' fees, reimbursement of costs and expenses, and service awards, shall be filed at least fourteen (14) days before the objection deadline.

The postmark deadline for requests for exclusions, opt-outs, or exclusions, shall be at sixty (60) days after the notice deadline.

The postmark or filing deadline—should the claim forms be filed online—shall be ninety (90) days after the notice deadline.

The deadline for filing a motion for final approval shall be at least fourteen (14) days before the final approval hearing.

The final approval hearing shall be **May 28, 2024, at 10:00 A.M.**

## IV.   CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for preliminary approval of class action settlement hereby is approved:

    a. The terms of the settlement agreement are approved preliminarily, such that the class members may be notified of the terms of the agreement.

    b. Plaintiff's proposed modes of notice are approved. This includes the claim form, short form notice, the long form notice, and the direct notice.

    c. The settlement class hereby is certified.

    d. Allen Moure, Daniel Blanco, and Rafael Blanco are appointed as class representatives for the purpose of this settlement.

    e. Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, Terence R. Coates of Markovits, Stock & Demarco, LLC, and William B. Federman of Federman and Sherwood are appointed as class counsel for the purpose of this settlement.

    f. Angeion Group LLC is appointed as the Notice Specialist and Claims Administrator for this settlement.

2. The final approval hearing shall be scheduled for May 28, 2024.

**IT IS SO ORDERED** in Hartford, Connecticut, this 1st day of April, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE